## Sustar, Appellant, v. Penn Smokeless Coal Co., Etc.

*Workmen's Compensation—Clause (c) of section 306 of Workmen's Compensation Act 1915—Act of May 20, 1921, P. L. 966—Permanent disfigurement—Loss of eye—Cumulative compensation.*

The Act of May 20, 1921, P. L. 966, amending clause (c) of Section 306 of the Workmen's Compensation Act of 1915, and providing compensation for disfigurement is cumulative in its effect, and provides for the payment of compensation for disfigurement in addition to compensation for a specific injury received in the same accident.

The Act of May 20, 1921, P. L. 966, added a new class or subdivision of permanent injury (permanent disfigurement of head or face), to those already compensable under section 306 (c), differing from the others in that (1) it was not for the loss of a member; and (2) compensation was not to be paid for a specific number of weeks, but for a period to be fixed by the board, depending on the extent of the injury, "not to exceed one hundred and fifty weeks."

When an employee was injured, in the course of his employment by an explosion of dynamite, which resulted in the loss of his right eye and the serious and permanent disfigurement of his face—wholly apart from the loss of the eye, he was allowed compensation of $2,400.00; this representing 125 weeks for the loss of the eye and 75 weeks for permanent disfigurement, at $12.00 a week.

Argued April 15, 1925. Appeal, No. 154, April T., 1925, by plaintiff, from judgment of C. P. Somerset Co., December T., 1923, No. 279, reversing award of Workmen's Compensation Board in the case of Andy Sustar v. Penn Smokeless Coal Company and The

Travelers Insurance Company.    Before HENDERSON, TREXLER, KELLER and LINN, JJ.    Reversed.

Appeal from the award of the Workmen's Compensation Board.    Before MARSH, P. J., Fourth Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Plaintiff was receiving compensation for the loss of his eye at the time he filed a petition to modify the agreement so as to provide compensation for disfigurement under Section 306 (c) of the Workmen's Compensation Act of 1915.    The Workmen's Compensation Board awarded compensation for disfigurement.    The court reversed the action of the Workmen's Compensation Board.    Plaintiff appealed.

*Error assigned* was the decree of the court.

*Peter P. Jurchak,* for appellant.—In construing any legislation, the various sections of an act, the various clauses of each section should be construed in such a way as to give effect to all portions contained therein: Endlich on Statutes, Sec. 107, p. 141; Dwarris on Statutes and Constitution, p. 231; Quinn v. Fidelity Beneficial Asso., 100 Pa. 382.

The court should construe the act liberally, having in mind the benevolent and humanitarian purposes of the enactment:    Gairt v. Curry Coal Co., 272 Pa. 494, 493; Blake v. Wilson, 268 Pa. 469; Callihan v. Montgomery, 272 Pa. 56; Clark v. Clearfield Opera House, 275 Pa. 244.

*J. D. Darragh,* for appellee.—A literal construction of an act causes no ambiguity:    Endlich on Interpretation of Statutes, sec. 13, p. 18; Poor v. Considine, 6 Wall. 458; Coxton v. Dolan, 2 Daly N. Y. 66.

OPINION BY KELLER, J., July 9, 1925:.

Clause (c) of section 306 of the Workmen's Compen-
sation Act of 1915, (as amended by Act of June 26,
1919, P. L. 642), established a specific and exclusive
schedule of compensation for all disabilities or perma-
nent injuries resulting from the loss of certain mem-
bers of the body, such as a hand, arm, foot, leg, or eye.
The Act of May 20, 1921, P. L. 966, amended this
clause by adding an additional class or subdivision,
as follows: "For serious and permanent disfigurement
of the head or face of such a character as to pro-
duce an unsightly appearance, and such as is not
usually incident to the employment, sixty per centum
of the wages, not to exceed one hundred and fifty weeks."
The question raised by this appeal is whether this new
paragraph applies and provides for additional compen-
sation for such serious and permanent disfigurement,
when, in the same accident, the claimant sustained an
injury, compensable, under the same clause and section,
for a specific length of time, such as the loss of an eye.

The appellant, a workman in the employ of the Penn
Smokeless Coal Company, was injured, in the course of
his employment, on March 10, 1922, by an explosion of
dynamite, which resulted in the loss of his right eye and
the serious and permanent disfigurement of his face—
wholly apart from the loss of the eye.    The referee
awarded him compensation for 275 weeks; 125 weeks for
the loss of the eye and 150 weeks for the disfigurement.
The Workmen's Compensation Board reduced the allow-
ance for disfigurement to 75 weeks; and on appeal, the
Court of Common Pleas of Somerset County disallowed
it altogether, basing its action on the fact that the new
paragraph was not inserted before, but after, the para-
graph providing for a cumulation of awards under sec-
tion 306 (c), which reads as follows: "For the loss of
any two or more of such members, not constituting total

disability, sixty per centum of wages during the aggregate of the periods specified for each."

We do not think this fact is controlling, or even of any great weight. Compensation under Workmen's Compensation acts is ordinarily measured by the employee's disability or difference in earning power as expressed in wages, and the length of time he is incapacitated because of the injury. But the legislature recognized that there were certain injuries which it would be unfair, if not impossible, to measure according to that standard; and so it provided in section 306 (c), that for the loss of certain members of the body compensation should be paid for a specific number of weeks irrespective of the actual loss of wages resulting therefrom or the period of incapacity to labor. It valued the lost member at full disability for a specific number of weeks without regard to whether the claimant was incapacitated for that length of time or suffered any actual loss of earnings: Lente v. Luci, 275 Pa. 217, 220; Bausch v. Fidler, 277 Pa. 573, 576. Hence, the amount allowable for the loss of two or more such members should be the sum or aggregate of the several permanent injuries or disabilities so valued or computed—but not, of course, in any case exceeding the limit of total disability,—and the paragraph providing for a cumulation of the allowances for the loss of two or more such members is only a declaration of what an enlightened and reasonable construction of clause (c), section 306, would have led to, in any event.

The amending Act of 1921, supra, added a new class or subdivision of permanent injury, (permanent disfigurement of head or face), to those already compensable under section 306 (c), differing from the others in that (1) it was not for the loss of a member; and (2) compensation was not to be paid for a specific number of weeks, but for a period to be fixed by the board, dependent on the extent of the injury, "not to exceed one hundred and fifty weeks": Simon v. Maryland Battery

Service Co., 276 Pa. 473.  These differences were such that to have inserted the new class prior to the cumulating paragraph above quoted would only have confused matters, and given color to the error of construction which the decision in the Simon case set right.  The new class, however, belongs to section 306 (c), and when the referee or the board has determined the extent of the injury, and fixed the number of weeks' compensation reasonably allowable for such permanent disfigurement, proportioned to the extent of the injury, that amount is payable for the permanent disability, irrespective of the claimant's actual loss of earnings or incapacity to labor, just as is the case with all the other classes of injury compensable under said clause and section.

Of the injuries not amounting to total disability, we thus have two classes: (1) Those compensable under section 306 (b), for which allowance is made based on the difference in wages attributable to the injury and the period of actual incapacity; (2) those compensable under section 306 (c), for which compensation is allowed for a specific number of weeks as fixed in the act, (or, in the case of disfigurement, as determined by the board), irrespective of the actual loss in wages or incapacity to labor.  If, in the same accident, an employee receives injuries compensable under both 306 (b) and 306 (c), the latter clause governs and the former does not take effect unless the incapacity extends beyond the period fixed or determined under 306 (c) : Lente v. Luci, supra; Bausch v. Fidler, supra; for the employee has already received compensation for full disability for that period.  If, however, he receives in the same accident two or more injuries compensable under 306 (c), as neither of them is based on actual loss of earnings or incapacity to labor, but is fixed on the theory that each such injury is valued by a specific or determined number of weeks' compensation, the claimant is entitled to the aggregate periods allowed for the several injuries.  This rule applies to all injuries embraced within clause 306

(c), to permanent disfigurement as well as the loss of a member; for they are classed together under the same clause and section because the injuries are alike permanent and are alike difficult of just determination on any other basis.

This construction is logical, easily applied and accords with one's sense of justice no less than with the scheme of the act. The other construction would work manifest injustice, for under it, if a man were horribly scarred in the face and disfigured for life and at the same time lost his little finger, his compensation would be limited to fifteen weeks, (Act of March 29, 1923, P. L. 48), whereas if he suffered the disfigurement alone he might receive compensation for 150 weeks.

Under our view of the law, the legislature classified certain permanent injuries under section 306 (c) and provided that for any injury included therein the employee should be paid compensation for either a specific number of weeks, (as for the loss of a member), or a period to be determined by the board, according to the extent of the injury, not exceeding 150 weeks, (as for permanent disfigurement); that each injury was thus valued, irrespective of the actual loss of earnings or incapacity to labor; and that for two or more such injuries occurring at the same accident, the employee is entitled to be paid for the aggregate of the periods so specified or determined.

The judgment of the court of common pleas is reversed and the record is remitted to said court with directions to enter judgment in favor of the claimant for $2,400, representing 125 weeks for the loss of the right eye and 75 weeks for permanent disfigurement, at $12 per week; payments heretofore made to apply thereon. Costs to be paid by appellees.