# Sustar *v.* Penn Smokeless Coal Co., Appellant.

*Workmen's compensation — Loss of body members — Disfigurement of head and face—Acts of June 2, 1915, P. L. 736; June 26, 1919, P. L. 642, and May 20, 1921, P. L. 966.*

Compensation payable under the Act of May 20, 1921, P. L. 966, may be awarded for permanent disfigurement of head or face, in addition to that for loss of a body-member, in the same manner that compensation for the loss of two or more members is to be awarded under clause 306 (c) of the Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642.

Argued January 25, 1926.   Appeal, No. 162, March T., 1925, by Travelers Insurance Co., from judgment of

Superior Court, April T., 1925, No. 154, reversing judgment of C. P. Somerset Co., Dec. T., 1925, No. 279, reversing decision of Workmen's Compensation Board, awarding claim in case of Andy Sustar v. Penn Smokeless Coal Co. and the Travelers Insurance Co.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts.

Judgment of common pleas reversed.  Travelers Insurance Co., insurance carrier, appealed.

*Error assigned* was judgment, quoting it.

*J. D. Darragh,* for appellant, cited: Lente v. Luci, 275 Pa. 217; Bausch v. Fidler, 277 Pa. 573; Simon v. Maryland Battery Service Co., 276 Pa. 473.

*Peter P. Jurchak,* for appellee.

PER CURIAM, February 8, 1926:

The Workmen's Compensation Act of 1915, P. L. 736, article II, section 306, clause (c), as amended by the Act of June 26, 1919, P. L. 642, provides that certain compensation shall be paid for fixed periods of time for the loss of each of the specified body-members.  Then follows this clause: "For the loss of any two or more of such members not constituting total disability, sixty per centum of wages during the aggregate of the periods specified for each."  The Act of May 20, 1921, P. L. 966, further amended the original act by adding, immediately after the above-quoted clause, a provision for the payment of compensation, for a period to be fixed by the compensation board, for permanent disfigurement of the head or face.  The Superior Court (85 Pa. Superior Ct. 531), reversing the Common Pleas of Somerset County, properly decided that compensation payable under the

Act of 1921, is not exclusive of all other compensation, but may be awarded for disfigurement in addition to that given for loss of a body-member, in the same manner that compensation for the loss of two or more members is to be awarded under the clause of section 306 (c) above quoted. Defendant has appealed.

The opinion of the Superior Court is adopted by us, and thereon,

The judgment appealed from is affirmed.