# Baffi, Appellant, *v.* Lehigh Valley Coal Company.

*Workmen's Compensation—Loss of both eyes—Permanent disfig-urement of head and face—Clauses (a) and (c) of section 306 of Workmen's Compensation Act—Acts of June 26, 1919, P. L. 642, and May 20, 1921, P. L. 966.*

Where a claimant, who has lost both eyes in an explosion, has received the maximum compensation payable for total disability under clause (a) of section 306 of the Workmen's Compensation Act of 1915, as amended by the Act of June 26, 1919, P. L. 642, he cannot get anything in addition thereto under clause (c) of section 306 as amended by the Act of May 20, 1921, P. L. 966, for disfigurement of the head and face arising out of the same accident.

A claimant cannot be more than totally disabled, and when the fact appears that total disability has been compensated for, he cannot recover on another disability arising out of the same accident.

Argued March 1, 1926. Appeal No. 23, February T., 1925, by claimant, from judgment of C. P. Luzerne County, May T., 1924, No. 814, in the case of Frank Baffi v. Lehigh Valley Coal Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Claimant appealed.

*Error assigned,* among others, was the order of the court.

*Roger J. Dever,* for appellant.

*S. W. Rhoads,* and with him *P. F. O'Neill* and *F. W. Wheaton,* for appellee.

OPINION BY TREXLER, J., April 19, 1926:

Frank Baffi, whilst he was in the employ of the de-

fendant company, by a premature explosion, lost both eyes. At the same time, he received serious and permanent disfigurement of the head and face. By an agreement entered into by him and his employer, he received $5,000, that being the maximum amount payable for total disability under the Workmen's Compensation Act. He now asks that in addition to said sum, he receive compensation for the disfigurement.

The Workmen's Compensation Act of 1915, P. L. 757, in Section 306, provides a schedule of compensation. Clause (a), provides for total disability and places a maximum sum at $4,000; increased to $5,000, by amendment of June 26, 1919, P. L. 642. Clause (b), provides for disability, partial in character, the basis being the diminution of earning power. Clause (c), provides that "for all disability resulting from permanent injuries of the following classes, compensation shall be exclusively as follows," and among the classes enumerated, are "for loss of an eye, fifty per centum of wages during one hundred and twenty-five weeks" and "unless the board shall otherwise determine, the loss of both hands or both arms, or both feet, or both legs, or both eyes, shall constitute total disability, to be compensated according to the provisions of clause (a)."

By the amendment of the 20th of May, 1921, P. L. 966, to the classes set out in Clause (c), is added "for serious and permanent disfigurement of the head or face of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty per centum of the wages, not to exceed one hundred and fifty weeks."

When the board determined that the loss of both eyes in the present case, constituted total disability, under the expressed language of the act, plaintiff's compensation was payable, under Clause (a). No other

clause applies in the case of total disability. It furnishes an exclusive basis of compensation.

Disfigurement is recognized as one of the causes of disability. When this claimant was paid the maximum amount for total disability, that ended the matter. He could not get anything more from any cause arising out of the same accident. He cannot be more than totally disabled, and when the fact appears that total disability has been compensated for, he cannot tag on another disability.

This was the view the referee, the compensation board, and the lower court took, and we think it is right. The assignments of error are overruled. The judgment of the lower court dismissing the petition for review is affirmed.