Olinsky *v.* Lehigh Valley Coal Company, Appellant.

*Workmen's Compensation—Loss of foot—Total disability—Sections 306-a and 306-c.*

Compensation, payments under sections 306-a and 306-c of the Workmen's Compensation Act, accrue concurrently, subject to the maximum specified in the Act.

A claimant who receives compensation for the loss of a foot, under section 306-c of the Workmen's Compensation Act, for 150 weeks is not entitled to additional compensation for injuries to the other leg under section 306-a, where the period of total disability resulting from the injury terminated 8 months after the accident.

Compensation is provided according to the classification of the disability stated in the Act and not on the basis of the severity of the injury.

Argued March 5, 1928. Appeal No. 6, February T., 1928, by defendant from judgment of C. P., Luzerne

222   OLINSKY *v.* LEHIGH VALLEY COAL CO., Appel.

Statement of Facts—Opinion of the Court.   [93 Pa. Superior Ct.

County, March T., 1927, No. 562, in the case of Peter Olinsky v. Lehigh Valley Coal Company. Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Appeal from award of Workmen's Compensation Board. Before FULLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the award. Defendant appealed

*Error assigned,* among others, was the order of the court.

*S. W. Rhoads,* and with him *P. F. O'Neil* and *F. W. Wheaton,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY LINN, J., April 16, 1928:

In February, 1923, in the course of employment, claimant's left leg was broken and his right so injured as to require amputation of the foot. Total disability (section 306-a of the compensation act) resulting from the injury ceased 8 months after the tenth day.

For disability resulting from the loss of his right foot he was entitled to compensation for 150 weeks under 306-c. He claimed payment for 8 months total disability under 306-a, and for 150 weeks additional disability under 306-c at the $12 weekly maximum and has judgment for the claim.

Under 306-d compensation is payable after the tenth day except as to clause 306-e not now involved.

Claimant construes the statute as providing compensation according to the severity of the injuries. The purpose of the act was to displace the common law liability for wrong and to substitute a system of redress for industrial accident for which the common law furnished inadequate relief or none at all. Com-

pensation is provided according to a classification of disability stated in the act, and not on the basis of the severity of injury.

Appellant contends that in effect the 150 week disability period provided by 306-c for the loss of a foot includes the 8 month period of disability under 306-a; that the act contains no provision for adding a claim payable for total disability under 306-a to a disability claim payable under 306-c.

Recent decisions support this view. In Baffi v. L. V. Coal Co., 87 Pa. Superior Ct. 579, a claimant who had lost both eyes and had also sustained disfigurement, sought compensation. The loss of both eyes was held to constitute total disability under 306-a and to be compensable accordingly, but no additional sum was allowed for the disfigurement. It was said: "He could not get anything more from any cause arising out of the same accident. He cannot be more than totally disabled, and when the fact appears that total disability has been compensated for, he cannot tag on another disability." On the other hand, as appeared in Sustar v. Penn, etc., Co., 85 Pa. Superior Ct. 531 and 285 Pa. 395, a claim for the loss of one eye may be added to a claim for disfigurement, because both arise under 306-c which specifically provides for aggregation as follows: "For the loss of any two or more of such members, not constituting total disability, sixty percentum of wages during the aggregate of the periods specified for each." In the opinion we said: "If, in the same accident, an employe receives injuries compensable under both 306-b and 306-c, the latter clause governs and the former does not take effect unless the incapacity extends beyond the period fixed or determined under 306-c, for the employe has already received compensation for full disability for that period." See Lente v. Luci, 275 Pa. 217 at 222; Bausch v. Fidler, 277 Pa. 573; Ludington v. Coal Co., 90 Pa. Superior Ct. 318; and Marhoffer v. Marhoffer, 220 N.

Y. 543. As there is no provision in the statute authorizing the addition of the compensation payable under 306-a to that payable under 306-c, we must sustain the appeal.

The order is reversed and the record is remitted with instructions for further proceedings in accordance with this opinion.