# DAVE SHELDON v. GOPHER GRANITE COMPANY AND ANOTHER.[1]

June 8, 1928.

No. 26,736.

**Employe is entitled to compensation of one-half of amount specified for loss of thumb.**

1. The workmen's compensation act provides that the loss of the first or distal phalange of the thumb or of a finger shall be considered as the loss of one-half of the member, and the loss of one and one-half or more phalanges shall be considered as the loss of the entire thumb or finger. From an accidental injury in his work relator lost the distal or first phalange of the thumb and one-half lacking one-eighth of an inch of the second or proximal phalange thereof. It is *held* that he could recover compensation only for one-half of the amount specified for the loss of the thumb.

**When no additional payment may be exacted for disfigurement.**

2. Where there is a specific schedule for the compensation of the loss of a member and parts of a member, no additional payment may be exacted for disfigurement or disability therefrom, except for medical services to remove or cure some defect resulting from the amputation.

Workmen's Compensation Acts—C. J. p. 96 n. 18.

See note in L. R. A. 1916A, 258; 18 A. L. R. 1354; 28 R. C. L. 819; 4 R. C. L. Supp. 1866; 5 R. C. L. Supp. 1577.

Certiorari upon the relation of the plaintiff to review an order of the industrial commission allowing compensation for the permanent partial loss of his left thumb at 50 per cent of the amount specified in the statute for the loss of the whole thumb. Affirmed.

*Atwood & Quinlivan,* for relator.

*Cobb, Hoke, Benson, Krause & Faegre* and *L. M. Staples,* for respondent employer and T. H. Mastin Company, for the Consolidated Underwriters, its insurer.

[1] Reported in 219 N. W. 867.

HOLT, J.

Certiorari to review a decision of the industrial commission allowing an employe, who as the result of an accidental injury in the course of the employment lost the distal phalange and not quite one-half of the proximal phalange of the thumb, compensation on the basis of one-half of the amount specified in the statute for the loss of the whole thumb.

The employe claims he should have been awarded as for the loss of the whole thumb. G. S. 1923, § 4274, subds. (c), 6, 7, reads as follows:

"(6)   The loss of the first phalange of the thumb, or of any finger, shall be considered equal to the loss of one-half of such thumb or finger and compensation shall be paid at the prescribed rate during one-half of the time specified above for such thumb or finger.

"(7)   The loss of one and one-half or more phalanges shall be considered as the loss of the entire finger or thumb; provided, however, that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand."

The legislature, for the loss of certain members and parts of members of a workman's body in accidental injuries, has undertaken to fix compensation by schedule. No distinction is made between the fingers or between thumb or fingers. The statute takes no account of the fact that certain of the fingers on the hand are of more use or service than others, or that the thumb is perhaps more indispensable than any other finger. To have compensation equal to that specified for the loss of the whole finger or thumb there must be a loss of one and one-half phalanges or more. In the instant case if in amputating the injured thumb the surgeon had cut off one-eighth of an inch more, the compensation would have been the same as for the loss of the whole thumb. The loss of part of a finger or thumb gives either an amount as for the loss of the half or else as for the loss of the whole thereof, depending on whether one-half or more of the second or proximal phalange is lost. This is not always equal justice. But that is for the legislature and not the

industrial commission or the courts to rectify. In another view it perhaps may be said that the law deals liberally with the one injured, in that if less than one and a half phalange is lost compensation as for the loss of the one-half of the whole finger, consisting of three phalanges, is given; and when one and one-half or more phalanges of the member are lost, compensation as for the loss of all three phalanges is made.

Relator thinks compensation should be awarded, at any rate, for the loss of the distal phalange as per the schedule prescribed, and an additional amount for that part of the proximal phalange lost according to some other provision of the compensation act. Subdivisions 38, 41 and 44 of (c), § 4274, G. S. 1923, are referred to. The difficulty is that in each of those subdivisions there is language which excludes a case where the schedule has prescribed compensation for a specific loss which has been or must be applied. Thus in subd. 38 it is for serious "disfigurement not resulting from the loss of a member or other injury specifically compensated." The instant case is for the loss of a member or part of a member specifically compensated. By subd. 44 relator is likewise excluded, for his loss is enumerated in the preceding subd. 6(c). There remains only subd. 41(c) reading:

"In cases of permanent partial disability due to injury to a member, resulting in less than total loss of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss of the respective member, which the extent of the injury to the member bears to its total loss."

We think here again relator is excluded, because the loss he sustained is compensated according to the schedule by an amount equal to one-half of the amount for the loss of the whole thumb. Again the schedule does provide compensation for the loss of the proximal phalange provisionally, that is, one-half of the amount awarded for the loss of the whole thumb if less than one-half of that phalange is lost, necessarily including the loss of the distal phalange; and, if

one-half or more of that phalange is lost, the compensation to be paid must equal that for the loss of the whole thumb.

Relator cites In re Petrie, 215 N. Y. 335, 109 N. E. 549. But there is this difference in the statutes. Ours deals with parts of the proximal phalange, whereas the New York statute deals only with the integral first phalange. Where the statute places the loss of one-half or more of the proximal phalange in one classification for compensation, courts have no right to place the loss of less than one-half of that phalange in the same classification.

The record discloses that on the stump of the thumb is a tender spot which interferes with its use. The doctors consider that the end of a nerve has become imbedded in scar tissue and that a very simple operation will cure or remove this tender or painful condition. Respondents are under legal obligation to furnish this cure. G. S. 1923, § 4279; Eberle v. Miller, 170 Minn. 207, 212 N. W. 190. Of course it is relator's duty to avail himself thereof rather than to try to compel payment for a disability easily removed.

The decision of the industrial commission is affirmed.