ETHEL SIGLEY, DEFENDANT, v. MARATHON RAZOR BLADE COMPANY, INCORPORATED, PROSECUTOR.

Submitted January 29, 1932—Decided June 2, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Joseph C. Paul.*

For the defendant, *Skeffington, Walker & Corrigan.*

PER CURIAM.

This writ brings up a determination of the workmen's compensation bureau awarding compensation to the petitioner-defendant for injuries sustained from an accident arising out of and in the course of her employment by the prosecutor. It is not denied that there was a compensable injury, but the amount of the award is questioned.

Petitioner was struck in the eye by a safety razor blade and lost the sight of the eye. Compensation for this injury was made under paragraph S of section 11, and this part of the award is admitted to be proper. However, the deputy commissioner also found that as a result of the accident petitioner had become afflicted with a neurotic condition which justified a further award of ten per cent. of total permanent disability.

Prosecutor first argues that it was improper to make the award in two amounts, *i. e.,* for the loss of the eye and for the ten per cent. permanent disability; but that the award should have been in one sum of proportionate permanent disability equal in amount to the sum of the two awards. We see no merit in this, and furthermore it is a mere matter of form.

The main point argued is that the recovery for the loss of an eye is limited to the amount specified in paragraph S, that is two-thirds of the wages for one hundred weeks. In *Nitram Co.* v. *Essex Common Pleas,* 84 *N. J. L.* 243; 86 *Atl. Rep.* 435, Mr. Justice Kalisch said:

"The trial judge allowed the damages fixed by the statute for the partial, but permanent, injury to the fingers, and also allowed in addition for the temporary disability arising from the infection. He based his action on paragraph 11, clause A of section 2, of the act which concerns temporary disability, and clause C of paragraph 11 which provides for disability partial in character but permanent in quality. The

trial judge pursued the proper course. The two injuries were different in character, although the result of the same accident.

"The prosecutor's contention is that no compensation can be awarded under more than one clause of paragraph 11 of section 2 of the act. * * *

"We think that both the language and spirit of the act favor the construction put upon it by the trial judge."

In *Bateman* v. *Smith,* 85 *N. J. L.* 409; 89 *Atl. Rep.* 979, which is relied on by prosecutor, the situation was somewhat different. There a man seventy-three years of age lost a foot and the lower court held that, because of his age, this amounted to total permanent disability. The Supreme Court held that the loss of the foot must be compensated for as provided in the statute, and that the permanent disability because of age could not be considered. The question there was not of a separate injury but of the effect of the one injury.

The judgment is affirmed, with costs.