32 P.(2d) 759

### ELKINS v. LALLIER et al.

### No. 3940.

Supreme Court of New Mexico.

May 4, 1934.

Barker & McGinnis, of Santa Fé, for appellants.

Reed Holloman, of Santa Fé, for appellee.

SADLER, Justice.

While working as a common laborer on a federal aid highway between the towns of Espanola and Abiquiu, N. M., the appellee, H. A. Elkins, on April 11, 1933, was struck in the left eye by a piece of steel resulting in the complete loss of the sight of said eye. The injury rendered necessary enucleation of the left eye, and this operation was successfully performed at Santa Fé the day following the injury.

The employer, H. C. Lallier, and the insurer, Commercial Casualty Insurance Company, Inc., the appellants, paid compensation covering temporary disability and prior to suit had made certain payments upon statutory compensation for loss of an eye by enucleation and had offered to pay thereafter monthly payments until the full 110 weeks provided therefor had been satisfied.

The appellants at the trial insisted that the scheduled compensation for loss of one eye by enucleation, as against that given for loss of the sight of one eye, was the statutory compensation appropriate to the injury suffered,

and that when awarded it was in full of all compensation recoverable on account of said injury. The appellee, claiming compensation only for loss of the sight of one eye (100 weeks) as against that scheduled for enucleation (110 weeks), asked in addition to the scheduled compensation for loss of sight of one eye, an award for facial disfigurement created by the enucleation.

The trial court, after hearing, awarded the statutory compensation for loss of sight of one eye. Appellants having already paid compensation for 10 weeks at $5.78 per week, applicable, as they insisted, upon the scheduled period of 110 weeks for enucleation, the judgment credited the payments so made upon the total period of 100 weeks for loss of sight of one eye, and awarded compensation for the remaining 90 weeks at the same rate. In addition, appellee was awarded $750 "on account of the serious and permanent disfigurement about the face occasioned by said injury." Attorney's fees in the sum of $250 were allowed, as well as costs. The appellants seek a review of this judgment by appeal and urge two points for reversal, to wit: (1) That the award of compensation for facial disfigurement is unwarranted; and (2) that excessive attorney's fees were allowed.

It scarcely can be questioned that the scheduled injury, "loss of one eye by enucleation," is the one appropriate under the statute to the loss suffered by appellee. It is somewhat difficult to understand just why he claimed only 100 weeks for loss of the sight of one eye, when he might have claimed and the statute allows 110 weeks for enucleation thereof; the latter actually having occurred

almost coincident with loss of sight. The greater injury must be held to include the lesser. And if it be the law that such facial disfigurement as is solely consequent on enucleation is not compensable under the act, it certainly is not open to a claimant who suffers loss of the sight of one eye followed immediately by enucleation, by claiming for the lesser injury, thus to entitle himself to the statutory award for facial disfigurement when resulting solely from the enucleation.

Fortunately, for our consideration, the parties on appeal have argued the matter as though the award below had actually been made for loss of one eye by enucleation. The result is that the issue is here squarely put. And in view of appellants' theory of liability under the act presented at the trial in the form of requested findings and conclusions which the court refused, we interpret the judgment as holding compensable disfigurement consequent on enucleation. If entertaining the view that compensation for disfigurement consequent upon either scheduled injury was allowable, it is understandable how the trial court may have concluded to hold appellee to his claim as made, and which, in the face of an objection that it was inappropriate, he refused to amend. If of the view that disfigurement consequent on enucleation was not compensable, the trial court unquestionably would not have allowed compensation for it as the mere incident to an injury which enucleation includes.

The first question involves a construction of certain provisions of our Workmen's Compensation Law. Comp. St. 1929, § 156-117, in subparagraph (b) thereof gives specified com-

pensation of 100 weeks for total blindness of one eye from injury suffered by accident arising out of and in the course of the employment of the injured workman and like compensation for the period of 110 weeks for the loss of one eye by enucleation. Immediately following the schedule of specific injuries for which compensation is fixed in money units for stated periods of time, the act provides: "If any workman is seriously permanently disfigured about the face or head, the court may allow such additional sum for compensation on account thereof as it may deem just, but not to exceed a maximum of seven hundred fifty ($750.00) dollars."

There is no dispute between the parties relative to the disfigurement. There is none except that consequent on the loss of the eye by enucleation. The legal point arising is whether, if the injury suffered entitles claimant to an award of specific compensation for loss of the eye by enucleation, the statute authorizes any additional compensation for such facial disfigurement as inevitably results consequent on the enucleation.

That compensation for facial disfigurement is not to be denied from the mere fact the employee has been compensated for a scheduled injury is manifest. The statute speaks of the award as an "additional sum." And see Freeland v. Endicott Forging & Mfg. Co., 233 App. Div. 440, 253 N. Y. S. 597. Construing a similar statute, the Superior Court of Pennsylvania, in Sustar v. Penn Smokeless Coal Co., 85 Pa. Super. Ct. 531, its opinion being adopted by the Supreme Court of that state in the same case reported at 285 Pa. 395, 132 A. 345, 346, said: "This construction is logical, easily applied, and accords with one's sense of justice no less than with the scheme of the act. The other construction would work manifest injustice, for, under it, if a man were horribly scarred in the face and disfigured for life, and at the same time lost his little finger, his compensation would be limited to 15 weeks (Act of March 29, 1923, § 1, P. L. 48, Pa. St. Supp. 1924, § 21995); whereas, if he suffered the disfigurement alone he might receive compensation for 150 weeks."

The anomalous result suggested in this case brought about an amendment to the Illinois Compensation Act as pointed out in Wells Bros. Co. v. Industrial Commission, 285 Ill. 647, 121 N. E. 256.

But in the Sustar Case the facial disfigurement was independent of and wholly apart from the loss of the eye. The question narrows itself where the disfigurement results solely from loss of the eye by enucleation, which is itself compensated.

The statutes of some states deny compensation for disfigurement resulting from loss of a member or other injury specifically compensated as hereinafter shown to be the case in Colorado and Oklahoma. Not so with ours. Thus the Minnesota statute (Gen. St. Minn. 1923, § 4274, subd. 38) allows compensation for serious "disfigurement not resulting from the loss of a member or other injury specifically compensated." Sheldon v. Gopher Granite Co., 174 Minn. 551, 219 N. W. 867. And the Georgia statute, after supplying a fixed compensation for loss of certain organs or members of the human body, provides

"the compensation so paid for such injury * * * shall be in lieu of all other compensation." (Acts Ga. 1920, p. 184, § 32). This was held to exclude compensation for temporary total disability arising solely from loss of such member. Georgia Casualty Co. v. Jones, 156 Ga. 664, 119 S. E. 721. Even so, the court thought that if such specific injury were accompanied or followed by partial permanent or total disability due to some other cause such as infection or paralysis, consequent upon the injury though, of course, not necessarily to follow mere loss of the member, a case for additional compensation under the statute might arise. Such a situation, however, was considered by the Supreme Court of Illinois in a disfigurement case, Chicago Home for the Friendless v. Industrial Commission, 297 Ill. 286, 130 N. E. 756, 757, and because of similar restrictive language in the act, as presenting "a meritorious claim for which compensation is not provided by the terms of the act."

The two cases most nearly in point cited and mainly relied upon by appellants are London Guarantee & Accident Co. v. Industrial Commission, 76 Colo. 155, 230 P. 598, and Seneca Coal Co. v. Carter, 85 Okl. 220, 205 P. 495. The Colorado case involved injury to an already blind eye resulting in enucleation (total loss) of the eyeball of such eye. The statute (Laws Colo. 1923, p. 740, § 73) provided stated compensation as follows: "The loss of an eye by enucleation (including disfigurement resulting therefrom)..139 weeks." It also authorized compensation not to exceed $500 for facial disfigurement. The trial court awarded claimant compensation for 139

weeks. In reversing the award, the Colorado Supreme Court said: "It is clear both from these contexts and from the natural reason of the matter that the intent and spirit of the statute is, in case of enucleation, to compensate for the loss of both sight and disfigurement, and it should be so construed, notwithstanding its letter justifies the construction given below. Aggers v. People, 20 Colo. 348, 38 P. 386. The judgment makes the statute give more for the loss of a blind eye than of the sight of a good one. Judgment reversed, with directions to the district court to set aside the award of 139 weeks for enucleation, and to order the Commission to make an award for disfigurement, if it deems it proper to do so."

No other construction of the Colorado statute was possible in view of its declaration that the award for enucleation carried compensation for disfigurement resulting therefrom.

Likewise in Seneca Coal Co. v. Carter, supra, the Oklahoma statute construed which authorized awards for disfigurement carried this proviso: "Provided, that compensation for * * * permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided." (Laws Okl. 1915, c. 246, art. 2, § 6, as amended by Laws Okl. 1919, c. 14, § 9.)

Answering the contention that this language evidenced a legislative intent to deny compensation for permanent disfigurement where compensation had been awarded under

the first part of the section for a specific injury, as loss of an eye or hand, the court said: "The phrase 'should not be in addition to other compensation provided for in this section' makes plain the intention of the Legislature that the compensation allowed for permanent disfigurement has reference to other injuries not compensable as specific injuries provided for specifically, such as the loss of an eye, hand, or foot, etc. The phrase 'but shall be taken into consideration in fixing the compensation otherwise provided' vests the Commission with jurisdiction in allowing compensation for a permanent disfigurement to consider any compensation that may have been allowed for a specific injury. For instance, just as in the case at bar, where the injured employee has been compensated for the loss of an eye in awarding compensation for a permanent disfigurement of the face to the extent that the loss of an eye has to do with permanent disfigurement, the Commission, in making the award, must eliminate from such disfigurement to the face the loss of the eye, or such loss as the impaired eye contributed to the disfigurement of the face. The loss of an eye having been compensated under the first part of the statute, supra, prescribing a specific amount for the loss of an eye is not to again be compensated as constituting a part of a permanent disfigurement."

This construction, as is true of the Colorado case, was compelled by the restrictive language of the statute. What then should be the rule where the Legislature has seen fit to employ no such limiting language? We have held that a liberal interpretation in favor of the claimant under terms of the act should be favored. Gonzales v. Chino Copper Co., 29 N. M. 228, 222 P. 903. But not an unreasonable interpretation, nor one contrary to legislative intent. Martin v. White Pine Lumber Co., 34 N. M. 483, 284 P. 115.

The cases of Indiana Limestone Co. v. Stockton, 88 Ind. App. 22, 163 N. E. 27, and Central Indiana Coal Co. v. Meek, 93 Ind. App. 9, 177 N. E. 332, the former a decision under the Indiana statute before inclusion by amendment of the restrictive language hereinabove adverted to, and the latter a decision following the amendment, and State ex rel. Butram v. Industrial Commission, 124 Ohio St. 589, 180 N. E. 61, are somewhat instructive. While none of them, as is the case here, deals with enucleation as a compensable injury, each involves a claim for disfigurement incident to enucleation following loss of sight of the enucleated eye; the latter injury already having been compensated. The distinction noted, it is true, denies full pertinency to these decisions, yet the reasoning employed so far as applicable is persuasive of the correctness of appellee's position before us.

Other cases, though none is exactly in point, which in their reasoning tend to sustain the position of appellee here, are Sigley v. Marathon Razor Blade Co., Inc., 111 N. J. Law, 25, 166 A. 518 (affirming opinion in same case reported in 160 A. 830, 10 N. J. Misc. 836; Nelson v. Kentucky River Stone & Sand Co., 182 Ky. 317, 206 S. W. 473; Id., 183 Ky. 583, 209 S. W. 506; Franko v. William Schollhorn Co., 93 Conn. 13, 104 A. 485; Thompson v. General Machine & Tool

Co., 135 Kan. 705, 11 P.(2d) 685; Comar Oil Co. v. Sibley, 128 Okl. 157, 261 P. 926.

That serious facial disfigurement, wholly apart from the physical handicap resulting from loss of a member or organ, may operate to narrow the field of employment and thus impair the earning power, is now too well settled to be open to doubt. See separate opinions of Judges Cardozo and Pound in Sweeting v. American Knife Co., 226 N. Y. 199, 123 N. E. 82, 83, affirmed in 250 U. S. 596, 40 S. Ct. 44, 63 L. Ed. 1161, and Beal v. El Dorado Refining Co., 132 Kan. 666, 296 P. 723. This is not to assert that impaired earning power is or must be considered the sole constitutional basis of awards under our Workmen's Compensation Act, a question not raised. The point to this observation merely is that, if it were so considered, the result of the injury which the provision on its face compensates, serious facial disfigurement, bears a definite relationship to impaired earning power.

There can be no doubt that the provision prima facie supports the award made. We are asked by construction to deny its language the meaning plainly carried. This we should not do. Other states, noticeably Colorado and Oklahoma, have chosen to impose by legislative enactment the meaning here urged. We consider such method the appropriate means of effectuating legislative intent, especially where the construction urged runs directly counter to the existing expression of that intent, as found in the act.

Nor is it anomalous that perhaps as to all other scheduled injuries besides loss of an eye by enucleation, to entitle claimant to the additional compensation for serious facial disfigurement, the award must find support in the evidence of an injury about the face or head additional to that for which specific compensation has been awarded—as where the specific compensation is for loss of a hand or a foot. Where one valid reason appears, it is not for us to speculate upon what considerations may have moved the Legislature to make a given award, or to grant it in a particular manner, so long as the purpose to make the award is apparent from the language employed.

If, instead of covering into the specific award for enucleation the resultant disfigurement consequent thereon, it has chosen to leave the amount of any award for the latter to the broad discretion of the district court hearing the claim, such course is within the legislative direction as to manner of bestowing awards. Certainly, the subject of the award, disfigurement consequent on enucleation, is not one about which dispute on the facts can exist. "The mutilated face, like the mutilated arm or leg, is the capital fact upon which liability depends." Cardozo, J., in Sweeting v. American Knife Co., supra. So in the case of enucleation the empty and unsightly socket from which the eye has been removed may be said to be the "capital fact" upon which liability for this award depends.

Whether in the particular case a separate award on account thereof should be made,

and if so its size, not exceeding the authorized maximum, the Legislature has seen fit to leave to the discretion of the district court. But that it has invested such court with power to make the award, if it deems the circumstances warrant, we feel quite satisfied.

The only remaining question is that of attorney's fees. We find nothing in the argument to justify us in disturbing the allowance made to appellee's attorney for services in the trial court. In view of the fact that the request for attorney's fees for services in this court has been presented but informally and our right under the statute to make such an allowance argued not at all, we reserve decision of this question for the future, if seasonably presented herein.

The judgment of the lower court will be affirmed, and it is so ordered.

HUDSPETH, Justice.

I concur.

BICKLEY, Justice (specially concurring).

The object of Workmen's Compensation Acts is to compensate for loss of earning power resulting from industrial accidents. While it is not necessary that there should be a showing of an actual loss of earning power before compensation can be made for a disfigurement about the face or head, the evidence ought to show that the disfigurement for which compensation is sought bears some relation to the capacity to earn and to secure profitable employment. People v. Koloski, 309 Ill. 468, 141 N. E. 163. The provision of our statute for additional compensation for facial disfigurement appears in the subsection (b) of section 156-117, Comp. St. 1929, which provides for "disability" partial in character but permanent in quality. There are abundant other indications in the act that this "disability" is the disability to earn wages. Our legislation pertaining to facial or head disfigurement makes affirmative findings in two respects necessary, before the claimant may receive an award thereunder. The disfigurement must be serious and permanent. The presence of these conditions must be shown, in each case, to come within its terms, and are matters properly for the determination of the trial judge on the evidence produced, subject to review. Simon v. Maryland Battery Service Co., 276 Pa. 473, 120 A. 469.

In the subsection of our statute above cited, there is a schedule of 43 "cases" in which the compensation shall be 55 per cent. of the earnings of the workman subject to the limitations of the act as to maximum and minimum payments. Then follows the schedule of the number of weeks the workman may have compensation for the loss of arms, hands, fingers, legs, toes. This enumeration consumes 39 of the 43 "cases" specified. It provides also that for total deafness in one ear compensation for 35 weeks, total deafness in both ears 135 weeks, and total blindness of one eye 100 weeks. These instances with those heretofore referred to embrace 42 of the 43 cases for which specific and arbitrary provision is made. It is plainly apparent that injuries to arms, hands, fingers, legs, feet, and toes might occur without resulting disfigurement to the face or head. It is also

apparent that the injury might cause total deafness in one or both ears without resulting facial or head disfigurement. Although more rarely, perhaps, it is also true that the injury might cause total blindness of one eye without a resulting disfigurement of the face or head. This was developed in the House of Lords opinions in Ball v. Hunt & Sons, 1912 A. C. 496, cited by Pound, J., in Sweeting v. American Knife Co., 226 N. Y. 199, 123 N. E. 82.

So far, then, it appears that in 42 of the 43 "cases" the "additional sum for compensation on account" of face or head disfigurement is for *additional* impairment of earning power resulting from serious and permanent disfigurement "about the face or head." In other words, it must be shown by the claimant that he is "seriously permanently disfigured about the face or head" "in addition" to having experienced the loss of the use of any of the 42 members listed in the schedule for which he may be compensated before he can successfully claim an "additional sum for compensation on account thereof."

There is but one remaining specific *case* listed in the schedule, to wit: "For the loss of * * * one eye by enucleation, 110 weeks."

It is this clause which requires a search for the legislative intent which when ascertained is the law.

It seems to be plain that so far as disability for work is considered merely as *inability to work* the workman with a sightless eye will be no worse off if the loss of sight is occasioned by enucleation of the eye than if it be otherwise totally blind. The Legislature was doubtless familiar with the very reasonable exposition of the theory of Workmen's Compensation Acts as expounded in Ball v. Hunt & Sons, supra, that, "The injury for which the statute gives compensation is not mutilation or disfigurement or loss of physical power, but loss or diminution of the capacity to earn wages," and that impaired ability *to get work* is compensable if such impairment results from an injury. In that case (which is approvingly cited by American courts) the court said: "About fifteen years ago the appellant, who is an edge tool moulder, suffered an injury to his left eye, the ball of which was penetrated by a steel chip. The accident resulted in the blindness of that eye, but did not produce any disfigurement in the workman's appearance, *which remained unchanged.* On September 7, 1910, however, the appellant, being engaged in cutting out brickwork, was struck in the same eye by a piece of brick. The result of this accident was that the eye had to be removed. A marked disfigurement has consequently resulted from the mutilation. With regard to the power to do work, it remains as before; but with regard to the power to get work, that appears to have been lost, or at least diminished." This being a fair argument to apply to such a situation, the first thing one has to do is to apply one's mind to what is the substantive intention of the Legislature in saying that: "If any workman is seriously permanently disfigured about the face or head, the court may allow such additional sum for compensation on account thereof as it may deem just, but not to exceed a maximum of seven hundred

fifty ($750.00) dollars" and in the same subsection saying that compensation shall be for "total blindness of one eye, 100 weeks" and "For the loss of * * * one eye by enucleation, 110 weeks."

It seems plain to me that the Legislature knew that enucleation of the eye would not diminish the *power to work* any more than total blindness of the eye, but considered that the enucleation of an eye would necessarily result in a facial disfigurement which would diminish the power *to get work* and therefore in a "case" so apparent provided for compensation for 10 additional weeks "on account thereof." Since in such case the disfigurement would be inevitable and similar in disfiguring effect in most cases, the Legislature withdrew from the courts the power to deal with it.

The maximum compensation which a workman might receive for loss of an eye by enucleation in excess of loss of the sight of an eye by other means would be $15 per week for an additional 10 weeks—a total of $150. I cannot trace this additional allowance by the Legislature to anything else than the facial disfigurement incident to the enucleation, since the enucleation does not diminish the power to work beyond the blindness which is compensated by compensation for only 100 weeks. No satisfactory explanation of any other purpose has been suggested.

I do not mean, of course, that the workman may not have an *"additional* sum for compensation" on account of serious permanent disfigurement about the face or head if such disfigurement is in *addition* to that

necessarily consequent upon enucleation of an eye. But in the case at bar, as stated by the majority: "There is no dispute between the parties relative to the disfigurement. There is none except that consequent on the loss of the eye by enucleation." It is no sufficient answer to say that 10 weeks' additional recovery on the basis of the maximum wage allowance is disproportionate to the maximum amount the court might allow under the general clause. It is at least certain. All of the specific allowances in the schedule are arbitrary. In cases of additional allowance under the general clause the claimant might get nothing or he might receive anywhere from one dollar up to $750.

The construction of the statute which I here affirm as the correct one as applied to the facts, in the case at bar, was that urged upon the trial court by the appellant. The appellee apparently ignored it in the trial court. He did not claim compensation for loss of his eye by enucleation and also for compensation for facial disfigurement. To the contrary, he claimed for "total blindness of the left eye and by reason of said injury the undersigned is seriously permanently disfigured about the face on account thereof." His theory was that he was entitled to recover compensation for total blindness of one eye for 100 weeks and for the facial disfigurement in addition thereto. The court declined to make a finding of fact requested by appellant: "That the plaintiff suffered no facial disfigurement permanent or otherwise except resulting from the loss of his left eye," perhaps deeming such requested finding immaterial.

The court found: "That while so working, a piece of steel flew into the eye of the plaintiff, totally destroying the eyesight of said eye." And further, "That said injury caused total blindness of the left eye," and: "That by reason of said injury the plaintiff was seriously, permanently disfigured about the face."

Upon the foregoing and other findings the court concluded that the plaintiff was entitled to recover of the defendants weekly compensation for 100 weeks, and also the "sum of $750.00 on account of the disfigurement occasioned by the injury to said eye."

The judgment followed the conclusions.

I concur in affirming the judgment.

WATSON, Chief Justice (concurring).

"What the Legislature intends is to be determined, primarily, by what it says in the act. It is only in cases of ambiguity that resort may be had to construction. Courts cannot read into an act something that is not within the manifest intention of the Legislature, as gathered from the statute itself. To do so would be to legislate, and not to interpret." DeGraftenreid v. Strong, 28 N. M. 91, 206 P. 694, 695; State ex rel. v. Graham, 33 N. M. 504, 270 P. 897; State v. So. Pac. Co., 34 N. M. 306, 281 P. 29.

I find no ambiguity in the provision here in question. The allowance for facial disfigurement is plainly "additional" to the preceding specific allowances for "disability partial in character but permanent in quality." However lacking we may consider this provision in wisdom or policy, I think it would be an act of legislation to read into it an exception in the single case of "loss of * * * one eye by enucleation." The constitutionality of the provision has not been questioned. The case is submitted for interpretation of a statute not open to interpretation.

On this single ground I concur in affirming the judgment.

ZINN, Justice.

I concur.