42 So.2d 337

MORRIS v. DICKSON.

I Div. 369.

Supreme Court of Alabama.

Oct. 13, 1949.

D. R. Coley, Jr., of Mobile, for appellant.

C. L. Hybart and R. L. Jones, of Monroeville, for appellee.

FOSTER, Justice.

Petitioner Morris was employed by defendant Hugh Dickson, doing business as Wood Products Company, and while so employed on April 3, 1947, was injured. Defendant paid certain doctors' bills and medical expenses and paid compensation aggregating $132. Said injury resulted in a permanent partial disability with substantial reduction in petitioner's earning capacity.

The trial court found on April 2, 1949, that appellant had suffered a permanent partial disability and ordered payments in an ascertained amount to be made every two weeks beginning April 11, 1949, for the designated period, reducing the period by reason of the credit of $132 to 276 weeks.

The sole question here for consideration, therefore, is whether petitioner should have a judgment in a lump sum for the aggregate of the amounts that accrued between the time of injury and judgment.

We find nothing in the statute which controls this question except inferentially section 304, Title 26, Code, provides for the entry of a judgment in the same manner as in causes tried in the circuit court. And section 297, Title 26, that the decision of the judge shall be conclusive and binding, subject to the right of appeal.

Section 292, Title 26, as amended (see pocket part) provides for a "waiting period" of seven days in case of a temporary total or temporary partial disability, and that compensation shall begin with the eighth day after disability. But we find no provision in the statute for a waiting period in case of a permanent partial disability.

Counsel for petitioner asserts in brief that he was totally disabled for a period of ten to twelve weeks, resulting in a permanent partial disability. But the decree is controlling in that respect since counsel assigns no error as to that finding. The allowance was evidently computed on the basis of section 279 (C) (6), Title 26, Code. Counsel also asserts that during the period of total disability compensation was paid in amounts aggregating $132; that the petitioner was then found to be permanently partially disabled.

This Court has interpreted the statute as effecting a temporary total disability followed by a permanent partial disability resulting from the same accident. Galloway Coal Co. v. Stanford, 215 Ala.

79, 109 So. 377; Nolan v. Ernest Const. Co., 243 Ala. 460, 10 So.2d 547. The effect is to deduct from the number of weeks provided for a permanent partial disability the number in which he was totally disabled, each period to be computed on a different basis.

 But no account was taken in the instant case of the temporary total disability and the computation was as if the permanent partial disability was the sole basis of the compensation. That was the finding of the trial court and no contention is made that it was erroneous. We must therefore take the situation as found by the court to be only a permanent partial disability from the beginning. The waiting period is contained in section 292, as amended, supra. It only applies, as we have said, in case of temporary total or temporary partial disability, and therefore not to permanent partial disability. Its purpose is said to prevent malingering. 58 Am.Jur. 800, section 319. We find no statute prescribing a waiting period when the disability is permanent. Presumably malingering is not a problem in that event. So that, there being no waiting period when the disability is permanent, the compensation period begins on the day after the disability.

Since the period of compensation begins on the day after the injury in case of permanent partial disability and is to continue during such disability, not to exceed 300 weeks,—section 279 (C) (7), —the judgment of the court should be on that basis and payments should begin accordingly. But for that part of the period extending from the date of the injury to the date of the judgment, it should decree the total of it to be immediately paid less the credit of $132, and for the balance the amounts are to be paid at intervals of two weeks as decreed by the court extending in all to 300 weeks from the date of the injury.

The judgment of the circuit court dated April 2, 1949, is reversed insofar as it orders payments to begin the 11th of April, 1949, and to continue for 276 weeks, and the cause is remanded with instructions to render a judgment for the amount of the aggregate of the weekly payments of $5.-63 from the date of the injury to the date of the judgment less $132 paid by the employer, and directing payment every two weeks after the judgment for the unexpired period of the 300 weeks at the rate of $5.63 per week. In other respects the judgment of the trial court is affirmed.

Affirmed in part and in part reversed and remanded with instructions.

BROWN, LAWSON and SIMPSON, JJ., concur.