(No. 12254.—Judgment affirmed.)
THE WELLS BROS. COMPANY, Plaintiff in Error, *vs.* THE
INDUSTRIAL COMMISSION *et al.*—(LUKE HALLERIN,
Defendant in Error.)

*Opinion filed December 18, 1918.*

1. WORKMEN'S COMPENSATION—*compensation may be had for
permanent disfigurement and also for permanent partial disability.*
Under paragraph (*c*) of section 8 of the Compensation act, as
amended in 1915, compensation may be awarded if injuries result
in permanent partial incapacity, as provided in paragraphs (*d*), (*e*)
and (*f*), and if there are also injuries not compensated for under
said paragraphs which result in permanent disfigurement of the
hands, head or face, compensation for such disfigurement may also
be allowed. (*Stubbs* v. *Industrial Board,* 280 Ill. 208, distinguished.)

2. SAME—*when employer cannot complain that there is no basis
for compensation for permanent partial disability.* If no claim is
made by the employer before the arbitrator or the industrial com-
mission that the evidence furnishes no data for the allowance of
compensation for permanent partial disability the question cannot
be raised in the circuit court or the Supreme Court, where the in-
jured employee claimed permanent total disability and so testified.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

J. C. M. CLOW, for plaintiff in error.

LEBOSKY & LEVINE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:
This cause comes to this court on a writ of error sued
out by plaintiff in error to review the judgment of the cir-
cuit court of Cook county, that court having certified that
the case was one proper to be reviewed here.

On July 24, 1916, while Luke Hallerin was working for
the Wells Bros. Company in a well or caisson at Kinzie and
Dearborn streets, in Chicago, about ninety feet below the
surface, there was an explosion of gas in the caisson, where-

by Hallerin's head, neck, arms, hands and face were burned. His nose was scarred on both sides and its size diminished at the end, and his upper and lower lips were also scarred in such manner that the shape of the mouth has been altered. As the result of these burns his face and head are seriously and permanently disfigured. His hands and fingers were also burned and disfigured, and it is claimed by counsel, and the evidence tended to show, that he is completely and permanently disabled. It was agreed on the hearing that both parties were under the Workmen's Compensation act, and that the injuries resulted from an accident which arose out of and in the course of Hallerin's employment. He was allowed as compensation, under paragraph (*c*) of section 8 of the Workmen's Compensation act, for serious and permanent disfigurement $11.56 per week (one-half his weekly wage) for a period of 77 weeks, and was also allowed $6 per week for 314 weeks for permanent partial incapacity resulting from his injuries. On the case being taken to the circuit court the findings of the Industrial Commission were approved.

The only question raised here by counsel for the plaintiff in error is that Hallerin is not entitled to compensation both for disfigurement and for partial disability under paragraph (*c*) of section 8 of the Workmen's Compensation act. As amended in 1915 that paragraph reads: "For any serious and permanent disfigurement to the hand, head or face, the employee shall be entitled to compensation for such disfigurement, the amount to be fixed by agreement or by arbitration in accordance with the provisions of this act, which amount shall not exceed one-quarter of the amount of the compensation which would have been payable as a death benefit under paragraph (*a*), section 7. * * * *Provided,* that no compensation shall be payable under this paragraph where compensation is payable under paragraph (*d*), (*e*) or (*f*) of this section: *And, provided, further,* that when the disfigurement is to the hand, head or face as a result of an

injury, for which injury compensation is not payable under paragraph (*d*), (*e*) or (*f*) of this section, compensation for such disfigurement may be had under this paragraph."

In *Stubbs* v. *Industrial Board*, 280 Ill. 208, this court held that under the Workmen's Compensation act of 1913 there could be no award for disfigurement under paragraph (*c*) of section 8 and also for permanent partial incapacity. Paragraph (*c*) of the act read the same then as it does now with the exception of the second proviso, commencing, "And provided further," which was added by amendment in 1915. (Laws of 1915, p. 403.)·

Counsel for plaintiff in error concedes that paragraph (*c*) of section 8 has been amended since it was construed in *Stubbs* v. *Industrial Board, supra,* but contends that adding the second proviso in no way modifies or changes the meaning of said paragraph as it was construed by this court before such addition. He argues that this second proviso does no more than set out in specific words what would necessarily be inferred from the provisions of said paragraph before such amendment. This argument is without merit. To so construe the statute as now amended would leave the second proviso without any meaning. It is the cardinal rule in the construction of a statute that it should be so construed that no clause, sentence or word shall be superfluous, void or insignificant; that the statute should be so construed, if possible, that every sentence and word shall be given its ordinary meaning and acceptation. (*Crozer* v. *People*, 206 Ill. 464.) Paragraph (*c*) under the law of 1913 provided specifically and clearly that compensation was payable for serious and permanent disfigurement to the head, hands or face and fixed the amount. The first proviso, as construed in the *Stubbs case, supra,* limited the scope of this paragraph by providing that where compensation is payable under paragraph (*d*), (*e*) or (*f*) no compensation should be had for disfigurement. This resulted in the situation that where any compensation at all, no matter how small, was recoverable

under paragraph (*d*), (*e*) or (*f*) no compensation could be had for disfigurement. The second proviso added by the amendment of 1915 limits the first proviso in such a way as to cover a case such as we are here considering,—that is to say, where a man sustains injuries which disfigure his face or head but do not incapacitate him and at the same time sustains injuries to other parts of the body which do result in disability, then he can recover for both. To say that the last proviso simply sets out affirmatively the inference to be drawn from the first proviso is unreasonable. The intention of the legislature is the law. (*Uphoff* v. *Industrial Board,* 271 Ill. 312; *Hoyne* v. *Danisch,* 264 id. 467.) The legislature certainly never added this last proviso intending not to give said paragraph any other or different meaning than it had before. The office of the proviso is to qualify what is affirmed in the body of the act, section or paragraph to which it applies. (*In re Day,* 181 Ill. 73; Lewis' Sutherland on Stat. Const.—2d ed.—sec. 352.) The reasonable and natural construction of the act as now amended is that compensation may be awarded if injuries result in permanent partial incapacity, as provided for in paragraphs (*d*), (*e*) and (*f*), but if there are also injuries,—not those compensated by paragraphs (*d*), (*e*) and (*f*),—resulting in permanent disfigurement to the hands, head or face, they may also be compensated for under the second proviso of paragraph (*c*) of section 8. This being so, there was no error in the Industrial Commission allowing compensation to Hallerin both for disfigurement to the head and face and for permanent partial incapacity resulting from other injuries.

Counsel for plaintiff in error further argues that the evidence before the Industrial Commission furnished no data on which to fix $6 per week as the amount to be allowed for permanent partial disability. We do not think plaintiff in error is in a position, on this record, to raise this question. It is quite clear from the record that the question

was not raised before the arbitrator or before the Industrial Commission, and therefore it cannot be raised for the first time before the circuit court or this court. (*American Milling Co.* v. *Industrial Board,* 279 Ill. 560, and cases cited.) Moreover, on the hearing before the Industrial Commission Hallerin claimed complete disability. If plaintiff in error claimed that he was only partially disabled, that was a matter of defense upon which it should have introduced testimony, but it failed to do so, and therefore, under the reasoning of this court in *Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11, that question cannot be raised here. As Hallerin claimed total disability and so testified, and the arbitrator found that he was not completely but only partially disabled and made an award accordingly, the error, if any, in the finding, would consist in allowing too little rather than too great an award on this question, as the only testimony in the record tends to show that he was totally disabled. Plaintiff in error cannot be heard to object because the finding against it was for too small an amount. *Becker* v. *People,* 164 Ill. 267.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*