(No. 13086.—Reversed and remanded.)

THE SMITH-LOHR COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPH MIKLAUTSCH, Defendant in Error.)

*Opinion filed February 18, 1920.*

WORKMEN'S COMPENSATION—*the same injury does not warrant compensation for disfigurement and for permanent partial loss of earning capacity.* Under paragraph (*c*) of section 8 of the Compensation act, as amended in 1915, providing for compensation for disfigurement of the hand, head or face, an award cannot be made for such disfigurement where compensation is also awarded for permanent partial loss of earning capacity resulting from the same injury. (*Wells Bros. Co.* v. *Industrial Com.* 285 Ill. 647, distinguished.)

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding.

JOHN W. PREIHS, for plaintiff in error.

W. J. MACDONALD, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Defendant in error, Joseph Miklautsch, was employed as a miner in the coal mine of the plaintiff in error, the Smith-Lohr Coal Mining Company, and in the course of

his employment suffered an accidental injury arising out of the employment. Upon a claim being made for compensation the arbitrator awarded compensation for a period of temporary total incapacity, a further sum for partial disability, and a still further sum for disfigurement resulting from the injury. The Industrial Commission reviewed the decision of the arbitrator and also awarded compensation for the injury and for the resulting permanent disfigurement. The plaintiff in error filed its bill in equity in the circuit court of Christian county for a review of the award and the court sustained the decision of the commission. This court granted a petition for a writ of error to review the judgment of the circuit court.

The facts were not disputed and were mainly agreed upon by a stipulation. On January 16, 1917, Joseph Miklautsch, while working in the mine of the Smith-Lohr Coal Mining Company, was struck in the forehead by a lump of coal which fractured his skull, requiring a surgical operation to remove part of the skull. That was the only injury, and it resulted in a scar, slightly discolored, disfiguring his forehead. The only question about which the parties differed was whether Miklautsch was entitled both to compensation for the injury and also for the disfigurement. The commission and the circuit court decided that he was entitled to both. The award of compensation was, in addition to necessary first aid, medical, surgical and hospital services, $9.17 a week for 23½ weeks for temporary total disability; also compensation at the rate of $9.17 a week for a period of 95 weeks, commencing at the termination of the period of temporary total disability, on account of the disfigurement, and compensation at the rate of $3.39 a week during a further period of 297½ weeks, commencing at the termination of the period during which compensation was to be paid on account of disfigurement, for a permanent partial loss of earning capacity.

Paragraph (c) of section 8 of the Workmen's Compensation act, as amended in 1915, is as follows: "For any serious and permanent disfigurement to the hand, head or face, the employee shall be entitled to compensation for such disfigurement, the amount to be fixed by agreement or by arbitration in accordance with the provisions of this act, which amount shall not exceed one-quarter of the amount of the compensation which would have been payable as a death benefit under paragraph (a), section 7, if the employee had died as a result of the injury at the time thereof, leaving heirs surviving, as provided in said paragraph (a), section 7: *Provided,* that no compensation shall be payable under this paragraph where compensation is payable under paragraphs (d), (e) or (f) of this section: *And, provided, further,* that when the disfigurement is to the hand, head or face as a result of an injury, for which injury compensation is not payable under paragraph ·(d), (e) or (f) of this section, compensation for such disfigurement may be had under this paragraph."

This paragraph was construed by the court in *Wells Bros. Co.* v. *Industrial Com.* 285 Ill. 647, where it was held that the reasonable and natural construction of the paragraph is that compensation may be awarded if injuries result in permanent partial incapacity, and if there are also injuries not so compensated, resulting in permanent disfigurement to the hands, head or face, they may also be compensated for under the second proviso of the paragraph. In that case Luke Hallerin, an employee, suffered injuries to his head, neck, arms, hands and face, and an award was made for the disfigurement as well as for permanent partial incapacity resulting from his injuries, under the construction given to the paragraph as above stated. Applying the paragraph to his case the court said: "Where a man sustains injuries which disfigure his face or head but do not incapacitate him and at the same time sustains injuries to

other parts of the body which do result in disability, then he can recover for both." And further: "This being so, there was no error in the Industrial Commission allowing compensation to Hallerin both for disfigurement to the head and face and for permanent partial incapacity resulting from other injuries." In this case there was but one injury, which was compensated for by the awards for temporary total incapacity and permanent partial incapacity, and Miklautsch was not entitled to further compensation for disfigurement resulting from the same injury. To construe paragraph (*c*) otherwise would make it contradictory in its terms by providing that no compensation shall be payable for disfigurement where compensation is payable under paragraph (*d*), (*e*) or (*f*), but such compensation may be awarded. The General Assembly, of course, did not intend any such result.

The decree must be reversed and the peculiar nature of the award will necessitate a further consideration by the Industrial Commission. The award was for a period for temporary total disability, a further period for disfigurement, and a further period, commencing at the end of the second period, for partial permanent incapacity. If the compensation for disfigurement should be eliminated there would be an interval and the payments of compensation would not be consecutive.

The decree of the circuit court is reversed and the cause is remanded, with directions to set aside the award and remand the application to the Industrial Commission, with instructions that compensation cannot be awarded for both loss of earning capacity on account of the injury and disfigurement resulting from the same injury.

*Reversed and remanded, with directions.*