(No. 13776.—Reversed in part and affirmed in part.)

THE CHICAGO HOME FOR THE FRIENDLESS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(KATE BUDNICK, Defendant in Error.)

*Opinion filed April 21, 1921.*

1. WORKMEN'S COMPENSATION—*when injured employee is entitled to compensation for disfigurement.* Where an employee receives two injuries,—one that disables him and another that causes disfigurement of his hands, face or head,—he is entitled to compensation for the disability and the disfigurement, but where he is disabled and disfigured by the same injury he is not entitled to recover for the disfigurement.

2. SAME—*when compensation is not authorized for disfigurement resulting from tetanus.* Under paragraph (*c*) of section 8 of the Compensation act of 1915 compensation is not authorized to be paid for disfigurement of the face due to a swollen jaw resulting from tetanus following an injury to the hand, where compensation is paid for the injury and for the full period of disability.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

CUTTING, MOORE & SIDLEY, for plaintiff in error.

JOSEPH A. WEBER, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review a judgment of the circuit court of Cook county confirming an award of the Industrial Commission awarding compensation to Kate Budnick for loss of her left hand and for disfigurement of her face.

January 28, 1917, while in the employ of plaintiff in error as a laundress, Kate Budnick caught her left hand in a mangle and mashed it badly, necessitating the amputation of her fingers. She developed a state of tetanus,

which involved the muscles of mastication. She was unable to open her mouth for several weeks. The active state of tetanus subsided gradually and the jaws ceased to be locked. There is now a fullness in the right cheek of defendant in error and a recession of her lower jaw. The open and close movement of the jaws is not materially affected but the lateral movement of the lower jaw is considerably impaired. She masticates her food with difficulty and there is a noticeable disfigurement of her face. Medical, surgical and hospital treatment were furnished to her by plaintiff in error. Her weekly wage was $12 and she was paid full compensation throughout the period of temporary disability. The commission awarded her $6 a week for a period of 150 weeks as compensation for the loss of the left hand and $6 a week for a period of 104 weeks as compensation for a serious and permanent disfigurement of the face.

Plaintiff in error concedes its liability for the loss of the left hand and has voluntarily paid the installments arising out of that injury as they fell due. It contends, however, that it is not liable under the Compensation act for any disfigurement of the face of defendant in error. We have held that if an employee receives two injuries,—one that disables him and another that causes disfigurement of his hands, face or head,—he is entitled to compensation for the disability and the disfigurement. (*Wells Bros. Co.* v. *Industrial Com.* 285 Ill. 647; *International Coal Co.* v. *Industrial Com.* 293 id. 524.) On the other hand, we have held that where an employee is disabled and disfigured by the same injury he is not entitled to recover compensation for the disfigurement. (*Smith-Lohr Coal Co.* v. *Industrial Com.* 291 Ill. 355.) The only question presented for decision is, therefore, whether defendant in error suffered one or two injuries. If at the time her hand was crushed in the mangle she had fallen into the machinery and disfigured her face there would be no question but that she would

be entitled to compensation for the injury to the hand and the disfigurement to the face, but the facts here present a different situation. Defendant in error suffered a single injury, which has resulted in a disability and a disfigurement. Paragraph (*c*) of section 8 of the Compensation act of 1915,—the one under which this proceeding is had,—provides: "For any serious and permanent disfigurement to the hand, head or face, the employee shall be entitled to compensation for such disfigurement: * * * *Provided,* that no compensation shall be payable under this paragraph where compensation is payable under paragraphs (*d*), (*e*) or (*f*) of this section: *And, provided, further,* that when the disfigurement is to the hand, head or face as a result of an injury, for which injury compensation is not payable under paragraphs (*d*), (*e*) or (*f*) of this section, compensation for such disfigurement may be had under this paragraph." (Laws of 1915, p. 403.) Compensation was payable and has been awarded under paragraph (*e*) of section 8 for loss of the left hand,—the only injury defendant in error received. Compensation has been paid for the temporary disability resulting from the sickness which followed this injury, and the act does not authorize further compensation for a disfigurement resulting from the same sickness. This case presents a meritorious claim for which compensation is not provided by the terms of the act, but the courts are not authorized to write a provision into the act in order to sustain this award. The remedy is with the legislature.

In so far as the judgment of the circuit court confirms the award of the Industrial Commission for disfigurement of the face of the defendant in error it is reversed and the award set aside. In all other respects the judgment of the circuit court is affirmed.

*Reversed in part and affirmed in part.*