(No. 13793.—Decree affirmed.)
HENRY ANTONY MARSH, Plaintiff in Error, *vs.* MARSHALL
FIELD III. *et al.* Defendants in Error.

*Opinion filed April 21, 1921.*

This case is controlled by the decision in *Marsh* v. *Field, (ante,* p. 251.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

DUNNE & CORBOY, and DANIEL A. BOYLE, for plaintiff in error.

WILSON, McILVAINE, HALE & TEMPLETON, McCULLOCH, McCULLOCH & DUNBAR, ISHAM, LINCOLN & BEALE, and J. F. DAMMANN, JR., guardian *ad litem,* (MILLER, STARR, BROWN, PACKARD & PECKHAM, and JOHN S. MILLER, JR., of counsel,) for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a proceeding involving the construction of the twentieth article or residuary clause of the last will and testament of Marshall Field, Sr., deceased. The trustees under the will filed a bill asking the court to examine their acts and doings as trustees of the residuary estate of Marshall Field, Sr., under the twentieth article of the will. Marshall Field III. filed a cross-bill thereto, making the same parties defendant and asking the court to construe the will in a certain manner. To this cross-bill Henry Antony Marsh, plaintiff in error here, was made defendant and through his guardian *ad litem* filed an answer. By this answer Marsh sets up that he is the natural son of Henry Field, a deceased grandson of the testator and beneficiary under the twentieth article or residuary clause of the will. The court in its decree, in so far as the same is of interest by reason of the issues raised by this writ of error, held that the word "issue," as used in the twentieth article of the will of Marshall Field and in the codicils to the will, should be construed as meaning lawful issue, and that plaintiff in error is not the issue of Henry Field within the meaning of the word "issue" as used in the will, is not a beneficiary of the trust estate, and has no right, title or interest of any kind therein. Plaintiff in error sued out this writ of error for a review of this portion of the decree.

All of the questions raised by plaintiff in error concerning the construction of the term "issue" or "any issue," appearing in the twentieth clause of the will and the codicils, were by him raised and argued in the case of *Marsh v. Field,* (*ante,* p. 251,) concerning the construction of the seventh article of said will and were there decided contrary to the contention of the plaintiff in error. That case is controlling here.

The decree of the superior court will therefore be affirmed.                                          *Decree affirmed.*