HANSEN, Appellant, v. DAKOTA TRANSPORTATION CO.,
INC., et al, Respondents.

(273 N. W. 261)

(File No. 8035.   Opinion filed May 15, 1937)

*Blaine Simons,* of Sioux Falls, for Appellant.
*Caldwell & Burns,* of Sioux Falls, for Respondents.

SMITH, J. This appeal presents the question as to whether, under section 9459, Revised Code of 1919, as amended, of our workmen's compensation statutes, an employee who has suffered injury from an accident arising out of and in the course of his employment, and for which he is entitled to compensation under either paragraphs 4, 5 (as amended by Laws 1929, c. 254), or 6 (as amended by Laws 1921, c. 419) thereof (dealing with partial incapacity, specific losses of particular members, and complete disability, respectively), and who has also suffered a serious and permanent disfigurement of the hand, head, or face from the same accident, may be awarded compensation for such disfigurement.

David Hansen was the victim of a serious accident arising out of, and in the course of, his employment. The following facts are established beyond controversy by the testimony and photographs in the record: As the result of the overturning of a truck in which Hansen was riding, several of the bones of his face were fractured. The exterior plate of the frontal bone was so fractured and depressed as to expose a portion of the brain. The nose was flattened and deflected. The bones of both jaws were broken.

Gashes were cut in the forehead, on the ridge of the nose at the level of the eyes, and on the left cheek. As the result of the force applied to his face, its contour was changed in the lower forehead and at and throughout the nose. A marked depression was left in the lower forehead and upper ridge of the nose. The scars and the depression were somewhat lessened by plastic surgery. Sensory and motor nerves in the forehead and left eye were affected, resulting in a loss of some sensation in the forehead and the left eye, a tosis, or drooping, of the left eyelid, and loss of function of the muscles used to rotate the left eye in an outward direction. The drooping left eyelid partially curtains the pupil and thus impairs the vision of that organ. Inability to rotate the eye in a normal manner causes a double vision when attempt is made to look to the left.

Following the accident, the employer and its insurer settled the amounts due for temporary incapacity and disability and assumed full liability for the maximum amount provided by law for medical aid and hospitalization. Controversy arose over the amount of compensation due for permanent disability. Hansen made claim for compensation for a serious and permanent disfigurement. The employer and its insurer contended that because there was an impairment of the vision of the left eye for which Hansen was entitled to compensation, there could be no award for the disfigurement.

The matter was heard and reviewed by the commissioner, and an award for disfigurement of $750 payable in weekly installments of $10.52 was made. The commissioner made no finding with reference to the loss of sight in the left eye, and allowed no compensation therefor.

On appeal, the circuit court assumed the power to make additional findings with reference to the loss of sight of the left eye, and adopted the findings of the commissioner as thus modified. Thereupon, it concluded, in accordance with the contention of the employer and its insurer, that no compensation could be had for disfigurement, vacated the award of the commissioner, and remanded the cause to the commissioner with instructions to determine the measure of disability existing in the left eye and award compensation therefor. The appeal is from the judgment.

Decision turns upon the proper construction to be placed upon paragraph 3 of section 9459 reading as follows:

"For any serious and permanent disfigurement to the hand, head or face, the employe shall be entitled to compensation for such disfigurement, the amount to be fixed by agreement or by arbitration in accordance with the provisions of this article, which amount shall not exceed one quarter of the amount of the compensation which would have been payable as a death benefit under paragraph 1 of the preceding section if the employe had died as a result of the injury at the time thereof, leaving heirs surviving, as provided in paragraph 1 of the preceding section; provided, that no compensation shall be payable under this paragraph where compensation is payable under paragraph 4, 5 or 6 of this section; and provided, further, that when disfigurement is to the hand, head or face as a result of an injury for which compensation is not payable under paragraph 4, 5 or 6 of this section, compensation for such disfigurement may be had under this paragraph."

This awkward, obscure, and ambiguous language was first used by the Legislature of Illinois, and came into our law from there through the enactment of chapter 376 of the Session Laws of 1917. A history of the manner in which the language contained in this section was assembled, and the construction placed upon that language by the Illinois court, throw light upon the true meaning of the words used.

Prior to 1915, the Illinois statute (Smith-Hurd Ill. Stats. c. 48, § 145, par. (c) and note) contained all of the language of this paragraph except the last proviso now appearing therein, and except that where our paragraph uses the figures 4, 5, and 6, the Illinois statute used the letters d, e, and f. This portion of the language was construed by the Illinois court in the case of Stubbs v. Industrial Board, 280 Ill. 208, 117 N. E. 419. To correct the defect in the law disclosed by the opinion of the court in that case, the Legislature adopted the last proviso. The law as thus changed was dealt with by the Illinois court in the case of Wells Bros. Co. v. Industrial Commission et al., 285 Ill. 647, 121 N. E. 256, 257, in which the court used the following language:

"Counsel for plaintiff in error concedes that paragraph (c) of section 8 has been amended since it was construed in Stubbs v. In-

dustrial Board, supra., but contends that adding the second proviso in no way modifies or changes the meaning of said paragraph as it was construed by this court before such addition. He argues that this second proviso does no more than set out in specific words what would necessarily be inferred from the provisions of said paragraph before such amendment. This argument is without merit. To so construe the statute as now amended would leave the second proviso without any meaning. It is the cardinal rule in the construction of a statute that it should be so construed that no clause, sentence, or word shall be superfluous, void, or insignificant; that the statute should be so construed, if possible, that every sentence and word shall be given its ordinary meaning and acceptation. Crozer v. People, 206 Ill. 464, 69 N. E. 489. Paragraph (c) under the law of 1913 provided specifically and clearly that compensation was payable for serious and permanent disfigurement to the head, hands, or face and fixed the amount. The first proviso, as construed in the Stubbs Case, supra, limited the scope of this paragraph by providing that where compensation is payable under paragraph (d), (e), or (f) no compensation should be had for disfigurement. This resulted in the situation that where any compensation at all, no matter how small, was recoverable under paragraph (d), (e), or (f), no compensation could be had for disfigurement. The second proviso added by the amendment of 1915 limits the first proviso in such a way as to cover a case such as we are here considering; that is to say, where a man sustains injuries which disfigure his face or head but do not incapacitate him and at the same time sustains injuries to other parts of the body which do result in disability, then he can recover for both. To say that the last proviso simply sets out affirmatively the inference to be drawn from the first proviso is unreasonable."

In the later case of Chicago Home for The Friendless v. Industrial Commission et al., 297 Ill. 286, 130 N. E. 756, 757, the Illinois court said:

"We have held that if an employee receives two injuries, one that disables him and another that causes disfigurement of his hands, face or head, he is entitled to compensation for the disability and the disfigurement. * * * On the other hand, we have held that where an employee is disabled and disfigured by the same

injury he is not entitled to recover compensation for the disfigurement. * * * The only question presented for decision is, therefore, whether defendant in error suffered one or two injuries."

The construction adopted by the Illinois court is admissible. It is in accord with the philosophy which gave birth to the Workmen's Compensation Laws. It permits a greater compensation to one who has suffered disability through injury and also disfigurement through another injury, and does not confine him to the same compensation as one would receive who only had suffered disability. It makes use of all of the words contained in the paragraph, and appeals to our sense of justice.

We therefore conclude that the Legislature intended to provide, by this paragraph, for compensation for disfigurement to an employee notwithstanding the fact that he might also be entitled to compensation for disability suffered through a separate injury. We are not permitted to hold, because of the restrictive language, that an employee may be awarded compensation for disfigurement in a case where he is also entitled to an award for disability from the same injury. If this last phase of our construction of this section results in injustice, the remedy must be applied by the Legislature. Liberality of construction will not permit the court to disregard the plain and restrictive language used by the Legislature.

Did Hansen suffer a single injury to his face, or more than one injury? The word "injury" may be used in a sense to include all of the harm done to a person. Using the word in such a sense, it would be said that Hansen suffered an injury to his face. However, reference to other parts of the workmen's compensation statutes indicates that the word "injury" was used by the Legislature in a more limited sense. . We note that under paragraph 5 of section 9459 (as amended by Laws 1929, c. 254), reference is made to specific injuries. Among those listed as separate injuries are the loss of a thumb, the loss of a first finger, the loss of a second finger, etc. It would be possible for an employee to lose the thumb, first, and second finger by a single blow, and, in the larger sense, by a single injury. In the act, however, they are treated as separate injuries and are thus separately compensable. We are convinced that the Legislature used the word "injuries" in paragraph 3 in this same more limited sense, and that in

this case the undisputed facts show that Hansen suffered an injury to his eye, an injury to his forehead, an injury to his nose, and an injury to his cheek, and that all of these are separate injuries. Indisputably, serious and permanent disfigurement resulted from each of these separate injuries and none of these injuries, except the injury to the eye, are compensable as a disability.

We therefore conclude that Hansen was entitled to disability compensation measured by the loss of vision of his eye, and that he was also entitled to an award for such serious and permanent disfigurements as he suffered by the other injuries to his face, but that he was not entitled to any award for disfigurement arising from, or contributed to by, the injury to the eye or the lid thereof. The injury to the lid contributes directly to the loss of sight, and because of the restrictive language contained in paragraph 3 and the fact that the disability through loss of sight is compensable, he may not be awarded more than that to which he is entitled for disability to the eye.

The amount to be awarded for a serious and permanent disfigurement rests within the discretion of the trier of the fact, and, unless the award be arbitrary or beyond the amount fixed by statute, will not be disturbed by an appellate tribunal. Examination of the record in this case, however, discloses that the commissioner must have based his award for disfigurement in part, at least, upon the contribution made thereto by the drooping eyelid. We are not permitted to say that the employer and its insurer suffered no prejudice from such an award for the reason that no award was made for the disability suffered through loss of sight. To say that the award which the commissioner would make, upon a re-examination of the facts, for the disability to the eye and for the disfigurement resulting from the other injuries to the face would aggregate as much or more than the award made, would involve nonpermissible speculation.

The views herein expressed render it unnecessary for us to deal with other matters urged upon us.

Our consideration of the construction of this statute has been aided and influenced by the able decision of Mr. Justice Sadler and Mr. Justice Bickley in the case of Elkins v. Lallier et al., 38 N. M.

3.16, 32 P.(2d) 759, wherein many cases on disfigurement are collected and discussed.

The judgment of the circuit court is hereby vacated, and the proceeding remanded to that court with instructions to remand the same to the industrial commissioner for further proceedings not inconsistent with views herein expressed.

All the judges concur.