(No. 3626— ▮▮▮▮▮▮▮▮▮▮▮

WILLIAM MOULDEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1943.*

L. EARL BACH, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

Claimant, William Moulden, seeks benefits under the Illinois Workmen's Compensation Act for injuries suffered to his hands, head, face and neck; for partial loss of the use of his arms; for partial loss of the use of his legs, and for disfigurement. The claim is based on injuries alleged to have arisen out of and in the course of his employment as motor-grader operator employed by the Division of Highways.

The complaint filed August 19, 1941, alleges:

That claimant, while employed by respondent, on the 21st day of August, 1940, was engaged in his duties grading shoulders and ditches on U. S. Route No. 45, one-half mile north of Loda, Illinois, when the grader he was operating overturned, pinning claimant beneath it;

That gasoline escaped from the gasoline tank, spreading over claimant and the tractor which caught fire, severely burning and otherwise injuring claimant;

That he was removed to the hospital at Paxton, Illinois, where he received treatment for two weeks;

That he was then transferred to St. Joseph's Hospital at Bloomington and received treatment for two weeks;

That all medical and hospital treatment has been paid by the State;

That claimant received $1,560.00 for the year immediately prior to the accident;

That he received $236.73 as temporary total compensation;

That he has received no payments for permanent disability;

That he had no children under the age of 16 years at the time of the accident.

The record consists of the complaint, report of the Division of Highways, transcript of the evidence, and statement, brief and argument of counsel.

Respondent had immediate notice of the accident. Complaint was filed in apt time and it appears that all requirements of the Workmen's Compensation Act have been complied with, and this court has jurisdiction.

Claimant was an employee of the State of Illinois at the time of the accident and, as such, is entitled to the benefits of the Workmen's Compensation Act.

Claimant returned to work on November 20, 1940, for the Department of Public Works and Buildings. He was paid temporary total disability in the sum of $18.21 per week from August 21 to November 19, 1940, a total of $234.00, which was an overpayment of $38.95, which overpayment should be deducted from award entered herein.

The only question before this court is the amount of compensation due claimant. Claimant seeks an award for permanent disability and for disfigurement.

Respondent contends that claimant is entitled to compensation solely for the partial loss of the use of his left hand and that no compensation can be paid for disfigurement to claimant's face because of the provision of Section 8 of the Workmen's Compensation Act, Sub-paragraph (c) which provides:

"*Provided*, that no compensation shall be payable under this paragraph where compensation is payable under paragraph (d), (e) or (f) of this section."

Respondent relies strongly on the case of *Chicago Home for the Friendless* vs. *Ind. Comm.*, 297 Ill. 286, where the court said:

"Where an employee is disabled and disfigured by the same injury, he is not entitled to recover compensation for the disfigurement."

In that case, Kate Budnick, a laundress, caught her left hand in a mangle and crushed it badly, necessitating the amputation of her fingers. An infection developed which spread and involved the muscles of mastication which left the claimant with a misshapen face and lower jaw. The court said:

"We have held that if an employee receives two injuries, one that disables him and another that causes disfigurement of his hands, face or head, he is entitled to compensation for the disability and the disfigurement."

The court further said:

"On the other hand, we have held that where an employee is disabled and disfigured by the same injury he is not entitled to recover compensation for the disfigurement. The only question presented for decision is, therefore, whether defendant in error suffered one or two injuries. If at the time her hand was crushed in the mangle she had fallen into the machinery and disfigured her face there would be no question but that she would be entitled to compensation for the injury to the hand and the disfigurement to the face."

The court further held, in substance, that the claimant was compensated for the loss of the left hand and also was paid compensation for the disability resulting from the sickness which followed and that having been compensated for disability resulting from the sickness she could not also be compensated for disfigurement resulting from the sickness for which she had been compensated under another section of the Workmen's Compensation Act.

This question was reasoned more fully in the case of *Wells Brothers Company* vs. *Ind. Comm.*, 285 Ill. 647, in which case, a workman while working in a well or caisson about 90 feet below the surface, was injured by an explosion of gas in the caisson about the head, neck, arms, hands and face. As a result of these burns his face and head were seriously and permanently disfigured. He received other injuries, from which he was permanently disabled. The only question raised in that case was whether the employee was entitled to compensation both for disfigurement and partial disability under Paragraph (c), Section 8 of the Workmen's Compensation Act, which reads:

"For any serious and permanent disfigurement to the hand, head or face, the employee shall be entitled to compensation for such disfigurement the amount fixed by agreement or arbitration in accordance with the provisions of this act, which amount shall not exceed one-quarter of the amount of compensation which would have been payable as a death benefit under paragraph (a), section 7: *Provided*, that no compensation shall be payable under this paragraph where compensation is payable under paragraph (d), (e) or (f) of this section: *And, provided, further,* that when the disfigurement is to the hand, head or face, as a result of an injury for which injury compensation is not payable under paragraph (d), (e) or (f) of this section, compensation for such disfigurement may be had under this paragraph."

The court held that under the Act of 1913 there could be no award for disfigurement under Paragraph (c), Section 8, and also for permanent partial incapacity. Paragraph (c) of

the Act read the same then as it does now with the exception of the second proviso, commencing, "And provided further," which was added by amendment in 1915. The court held in that case that

"It is the cardinal rule in the construction of a statute that it should be so construed that no clause, sentence or word shall be superfluous, void or insignificant; that the statute should be so construed, if possible that every sentence and word shall be given its ordinary meaning and acceptation."

The court further held that the second proviso, added by the amendment of 1915 limits the first proviso in such a way as to cover a case "such as we are here considering,—that is to say, where a man sustains injuries which disfigure his face or head but do not incapacitate him and at the same time sustains injuries to other parts of the body which do result in disability, then he can recover for both. To say that the last proviso simply sets out affirmatively the inference to be drawn from the first proviso is unreasonable." The court further said:

"The reasonable and natural construction of the Act as now amended is that compensation may be awarded if injuries result in permanent partial incapacity, as provided in paragraphs (d), (e) and (f), but if there are also injuries,—not those compensated in paragraphs (d), (e) and (f),—resulting in permanent disfigurement to the hands, head or face, they may also be compensated for under the second proviso of paragraph (c) Section 8."

In the case of *International Coal Co.* vs. *Ind. Comm.*, 293 Ill. at page 531, the court said:

"It is urged that the Industrial Commission has awarded compensation for disfigurement and for the loss of use of the same member. The Commission has no power to award compensation for disfigurement of a member and also for the loss of use of such member. The record in this case, however, shows that an award was made for disfigurement of the face, while the award for a loss of use applies only to the eyes and arms. This award does not; therefore, contravene the rule."

It would appear, therefore, that claimant is entitled to compensation for disfigurement to his face and for such disability and loss of the use of his hands as the evidence disclosed.

Claimant alleges that he has no children under the age of 16 years, but the evidence discloses that claimant's wife had two children of another marriage; also, that whereas the former husband had been ordered to pay alimony, yet the claimant was called upon to render the necessities of life to these children. Respondent feels that the claimant in this case stood in loco parentis and the children should be con-

sidered as dependents, and relies upon the case of *Faber* vs. *Ind. Comm.*, 352 Ill. 115, and *Wolfe* vs. *State*, 10 C. C. R. 469.

In these cases the court held that the test of whether one stood in the position of loco parentis was whether such child was wholly dependent upon such parent for support. In this case the children of the wife of claimant, while receiving a major portion of their support from claimant, were not wholly dependent upon claimant for support but were receiving some support from their father who was, by order of court, ordered to support them. The evidence shows that while not paying the full sum of money ordered to be paid for their support, a portion of the money was paid, and there is no evidence to show the provisions of the court decree in regard to the children. It must be presumed that some disposition of the question of the care, custody and control of the children was made, and while we should like to increase our award for the benefit of the children, there is no basis upon which we could do so with the facts as they are before us. The law provides an increase in an award where there are minor children, and this position is predicated upon the theory that the children are wholly dependent upon claimant for support. This is not the case here, nor is there adequate showing that the claimant stands in loco parentis to the children of his wife by a former marriage.

The evidence discloses that claimant suffered permanent partial loss of the use of his left hand. Claimant testified, (page 4, transcript of evidence):

"I cannot close my left hand up to make a fist; and for gripping small articles in the hand, I cannot do that; or using small wrenches and stuff." In cold weather it bothers me. If I am out any length of time I have to have an extra glove. It gets numb and stiff."

Claimant testified further that he could only close the fingers to the palm of his hand by force.

Dr. W. G. Ball testified that claimant suffered first, second and third degree burns of the left hand and forearm; first, second and third degree burns of the right hand; first and second degree burns of the head and face, and first, second and third degree burns on the anterior surface of the right and left knees. Dr. Ball further testified that the burns left permanent scars and disfigurement to parts of the body, head and face; that there is no restriction in the use of the leg, right arm and hand, as a result of these burns, but that "there is a limitation of flexion in the digits of the left hand."

Dr. Ball further testified that "the burn was extensive enough that the area involved on the back of the hand was replaced by connective tissue, which is not as elastic as skin and, for that reason limits the power of flexion." Testifying further, Dr. Ball was asked:

Q. Do you have an opinion as to about how much difference there is in the grip of Mr. Moulden's two hands?

A. It would be a guess, frankly. I have no way of measuring it accurately. In gripping the full hand they compare fairly equal, but on gripping a single finger there is approximately 50% more pressure in the right hand.

Dr. Ball further testified that claimant suffered first, second and third degree burns on the left hand and forearm; right hand; both knees; and first and second degree burns on the head and face, and that all of the burns left permanent scars.

Claimant, by leave granted, appeared in court at this March term, 1943, for examination relative to the nature and extent of the disfigurement sustained by him and, after viewing the disfigurement resulting from the injury and considering the entire record, it is our opinion that claimant sustained a 30% loss of the use of his left hand and permanent disfigurement to his face and right hand, for all of which claimant is entitled to recover compensation under the provisions of the Workmen's Compensation Act.

Claimant's average weekly wage was $27.59, and Section 8, Paragraph (E 12) of the Compensation Act provides for the payment of 50% of the average weekly wage for 170 weeks, to be increased 10% (Section 8, Paragraph 3 I) for the loss of the use of a hand.

Fifty per cent of claimant's average weekly wage amounts to $13.80, plus 10% equals $15.18 x 170 or $2,580.60, 30% of which amounts to $774.18, which claimant is entitled to receive for partial loss of the use of his left hand; also the further sum of $45.54 for permanent disfigurement to the head and face, from which must be deducted the sum of $38.95 overpayment heretofore made to claimant, making a net amount remaining due the claimant of $780.77.

Award is therefore entered in favor of the claimant for the said sum of $780.77, payable as follows, to-wit:

(1) The sum of $607.19 representing compensation at the rate of $4.55 per week (30% of $15.18) for a period of 132 weeks accrued to March 5, 1943, plus the additional award of

$45.54 for permanent disfigurement to head and face, minus the overpayment of $38.95 for temporary disability, is payable forthwith.

(2) The balance of said award, to-wit: The sum of $173.58 is payable in thirty-eight weekly installments of $4.55 each, commencing March 12, 1943, and one final installment of $0.68.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.