## SOUTHERN STATES MARKETING COOPERATIVE, INC. *v.* LIPPA

[No. 178, October Term, 1948.]

386

*Decided June 28, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, JJ.

*Hilary W. Gans* and *Allen A. Davis, Jr.*, for the appellant.

*John A. Latchford* and *G. Price Hayden* for the appellee.

GRASON, J., delivered the opinion of the court.

Marie M. Lippa (appellee) worked for the Southern States Marketing Cooperative, Incorporated (appellant). This corporation, among other activities, was in the business of packing and shipping eggs. The appellee was sent by her superior to bring a gallon glass jar, in which eggs were to be packed, and while returning with it she slipped, fell, and the jar crashed, cutting her right forearm just above the wrist.

Claim for the injury was filed with the State Industrial Accident Commission and she was awarded for temporary total disability, permanent partial disability for the loss of the use of her right thumb, and compensation for the disfigurement of her forearm. The appellant objects only to the compensation allowed for disfigurement and mutilation of her forearm. It appealed to the Superior Court of Baltimore City, where the action of the Commission was affirmed, and from the judgment of that court it brings this appeal.

The cut that appellee sustained from the broken glass severed three tendons in her arm. This resulted in the loss of 15% of the use of her right thumb, and in leaving a scar on her right arm, three inches long. It is claimed by appellant that the compensation which has been paid for the loss of the use of the thumb is satisfaction in full for the injury received from this accident, including the scar on the right forearm; while appellee contends that she is entitled to be compensated for the disfigurement

caused by the scar, as well as the loss of the use of her right thumb.

It would seem to be the law if a workman meets with an accident in the course of his employment and sustains several distinct and separate injuries, and in addition thereto, and not connected with or a part of the separate and distinct injuries, he suffers a disfigurement, if the injuries and disfigurement are provided for in the workmen's compensation law he should be compensated for each injury and the disfigurement. In Article 101, section 35, 1947 Supplement, Code 1939, provision is made for the loss of the use of a thumb, and for disfigurement.

The question before us has been considered by the courts of other States and by this court. It is a narrow question, and stated briefly it is this: Does the injury to appellee's thumb, caused by the accident, comprehend the injury she received by the disfigurement of her forearm? Or are the two injuries which were caused by this accident, within the purview of Article 101 of the Code, to be considered as one injury?

In *Wells Bros. Co. v. Industrial Board*, 285 Ill. 647, 121 N. E. 256, the workman, by the explosion of gas, suffered injuries to his head, neck, arms, and hands. His face and head were severely and permanently disfigured. He was allowed compensation for the specific injuries, as well as disfigurement of his face.

In *Calumet Paving Co. v. Butkus*, 113 Ind. App. 232, 47 N. E. 2d 829, 830, the workman was injured by the explosion of dynamite. His left eye was so badly injured it had to be enucleated. There was imbedded in his face and neck 350 to 400 specks of earth of varying size, three of them in the ball of his right eye, and several hundred such specks on the left wrist and forearm. The specks imparted a bluish cast to the skin. It was said: "Compensation being payable for the loss of the eye under Paragraph (f), he could receive nothing under Paragraph (i) for disfigurement incidental thereto. * * * but having nevertheless received other injuries resulting in permanent disfigurement, he could receive compensation

under Paragraph (i) for such permanent disfigurement being the disfigurement caused by the specks in his face, neck, arms, and right eye, * * *."

In *International Coal & Mining Co. v. Industrial Commission,* 293 Ill. 524, 127 N. E. 703, 10 A. L. R. 1010, the workman was injured while in a mine, by the premature explosion of powder. He suffered disfigurement which was separate and distinct from all other injuries he sustained, and was allowed compensation therefor.

In *Hansen v. Dakota Transportation Co.,* 65 S. D. 277, 273 N. W. 261, 264, the court said: "* * * where a man sustains injuries which disfigure his face or head but do not incapacitate him and at the same time sustains injuries to other parts of the body which do result in disability, then he can recover for both. * * * In the later case of *Chicago Home For The Friendless v. Industrial Commission et al.,* 297 Ill. 286, 130 N. E. 756, 757, the Illinois court said: 'We have held that if an employee receives two injuries, one that disables him and another that causes disfigurement of his hands, face or head, he is entitled to compensation for the disability and the disfigurement. * * * On the other hand, we have held that where an employee is disabled and disfigured by the same injury he is not entitled to recover compensation for the disfigurement.' " See *Central Indiana Coal Co. v. Meek,* 93 Ind. App. 9, 177 N. E. 332; *Smith-Lohr Coal Mining Co. v. Industrial Commission,* 291 Ill. 355, 126 N. E. 164; *Chicago Home for the Friendless v. Industrial Commission,* 297 Ill. 286, 130 N. E. 756.

From these authorities we are of opinion that where there is a disability, and a scar which is independent of the disability and not a part of it, which is occasioned by an accident, the workman should be compensated for both the disability and the disfigurement caused by the scar. If a scar is caused by and is the result of an injury for which compensation is allowed, then the scar is a part of that injury and is comprehended by it and the workman cannot recover for both disability and disfigurement. This conclusion is fully in accord with the de-

cision in *Bethlehem-Sparrows Point Shipyard, Inc. v. Damasiewicz,* 187 Md. 474, 50 A. 2d 799, 803. In that case Judge Delaplaine said: "The Legislature, in providing for compensation for 'other mutilations and disfigurements, not hereinbefore provided for,' intended to make compensable other injuries which are similar to amputation or loss of use of members of the body specified in the schedule in so far as they are permanent and their degree and consequences can be ascertained. *We construe the provision to mean that where an employee receives two injuries, one of which disables and the other disfigures, he may receive compensation for both the disability and the disfigurement;* but where an employee is disabled and disfigured by the same injury, he is not entitled to received compensation for both disability and disfigurement." Italics supplied.

Most of the cases which we have referred to in this opinion are cited in Judge Delaplaine's opinion. In that case the accident caused a severe injury to the workman's thigh, and when it healed it left a bad scar. It is perfectly plain in that case, there was one injury resulting from the accident, and the scar was a part of that injury. Compensation for the scar, under the disfigurement provision of Article 101, was, therefore, denied and the workman was allowed compensation for the injury received to the thigh.

In this case the cut which the appellee received, as a result of her accident, severed three tendons in her arm, in the region of the wrist. The result was that the severing of one or more of these tendons affected the movement of her thumb, resulting in a 15% loss of the use of her right thumb. In addition thereto, on the forearm, where the glass severed these tendons, there is a permanent scar three inches long. The scar is not on the thumb, where the disability was suffered, and if such were the case she could not recover for disfigurement, because the scar would be the result of the injury to the thumb. In the case before us the disability is to the thumb, and the scar is on the forearm, and the scar was

not caused by, nor was it the result of the injury to the thumb. It cannot be said that the scar on the appellee's forearm is not an injury, and it is conceded that the loss of the use of the thumb is an injury. We think that the appellee, as a result of this accident received two injuries, one to the thumb and the other the scar on her forearm, and she should be compensated for each injury. It follows that the judgment in this case was correct and it must be affirmed.

*Judgment affirmed, with costs.*