(No. 42449.—

D'AMICO MACARONI COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Roosevelt Lloyd, Appellee.)

*Opinion filed January 28, 1970.—Rehearing denied March 23, 1970.*

BRODY & GORE, of Chicago, (ROBERT L. BRODY, of counsel,) for appellant.

Sostrin & Sostrin, of Chicago, (Jack A. Sostrin and Nathan Sostrin, of counsel,) for appellee.

Mr. Justice Culbertson delivered the opinion of the court:

On March 16, 1966, the claimant, Roosevelt Lloyd, was employed as a janitor by the respondent, D'Amico Macaroni Company. On that date he became involved in an altercation with a fellow employee, which concededly arose out of and in the course of his employment, and received an injury to his right eye necessitating its enucleation. An arbitrator awarded claimant 10 weeks compensation for the enucleation and an additional 10 weeks for "serious and permanent disfigurement" to his face, apparently relying upon both section 8(e) of the Workmen's Compensation Act, relating to the loss of an eye, and section 8(c), relating to disfigurement. (Ill. Rev. Stat. 1965, ch. 48, pars. 138.8(e), (c).) The Industrial Commission, however, in addition to undisputed amounts awarded for temporary total disability and necessary medical expense, awarded compensation of $56.10 for 59 weeks and $5.10 for one week, being the maximum allowable for disfigurement under section 8(c). On writ of *certiorari,* the circuit court of Cook County affirmed the Commission and respondent has appealed.

The principal issue presented is a determination of which section of the Act applies to claimant's injury; an issue which is further complicated by the circumstance that claimant's right eye was, due to unrelated incidents, already sightless at the time of the injury. In this regard, claimant testified on direct examination that he had no sight in the eye, but that he did have light perception therein prior to the injury in question. But when cross-examined, he grudgingly admitted having told a physician that he could see nothing whatsoever with the eye prior to the compensable injury, including light. Subsequently the physician in question testified he had been told by claimant that the latter

had had no vision in the eye since 1959. It is apparent that both the arbitrator and the Commission found that the eye was devoid of any vision at the time of injury, inasmuch as neither purported to compensate him for loss of vision. On this state of the record, we cannot say that such determination was against the manifest weight of the evidence and we are accordingly bound thereby.

Section 8(e) of the Workmen's Compensation Act provides in relevant part as follows:

"For accidental injuries in the following schedule, the employee shall receive compensation for the period of temporary total incapacity for work resulting from such accidental injury, * * * and shall receive in addition thereto such compensation for a further period subject to limitations as to amounts as in this Section provided for the specific loss herein mentioned, but *shall not receive any compensation under any other provisions of this Act.* [Emphasis added.] Unless otherwise specified, the following listed amounts shall apply to either the loss of or the permanent and complete loss of use of the member specified, such compensation for the length of time as follows:

* * *

"13. Eye—150 weeks. Where an accidental injury results in the enucleation of an eye, compensation for an additional 10 weeks shall be paid.

* * *

"16. For the permanent partial loss of use of a member or sight of an eye, but not including the hearing of an ear, compensation during that proportion of the number of weeks in the foregoing schedule provided for the loss of such member or sight of an eye, which the partial loss of use thereof bears to the total loss of use of such member, or sight of eye.

"17. In computing the compensation to be paid to any employee who, before the accident for which he claims compensation, had before that time sustained an injury

resulting in the loss by amputation or partial loss by amputation of any member, including hand, arm, thumb or fingers, leg, foot or any toes, *such loss or partial loss of any such member or the sight of an eye shall be deducted from any award made for the subsequent injury."* (Emphasis added.)

As shall more fully appear from subsequent discussion, we think it clear that this section of the statute is controlling in this case, and that under its terms claimant is entitled to but 10 weeks compensation for the enucleation of his sightless eye. It is true that subparagraph 13 of section 8(e) provides for 150 weeks of compensation where an injury results in the loss of an eye, and an additional 10 weeks if the injury results in enucleation. But subparagraph 17 of the section, in equally certain terms, specifically directs that if an employee, as here, has already suffered the loss of sight in the eye at the time of injury, the amount of compensation to which he would have been entitled for the loss of the sight of such eye (150 weeks), must be deducted from the total compensation allowable under subparagraph 13, in this case 160 weeks. The language of the statute is clear, and in our judgment admits of no other reasonable construction.

In contending that section 8(e) entitles him to a full 160 weeks of compensation, despite the fact that his eye was already sightless when the injury occurred, claimant points out that subparagraph 13 refers to the loss of an "eye," whereas subparagraph 17 speaks of the loss of the "sight of an eye." From this it is argued that the legislature intended to award 150 weeks compensation for the loss of an "eye" as a bodily organ, as opposed to the loss of the sight thereof, and that subparagraph 13 therefore controls. We cannot agree with this contention. In the first place, it would render as surplusage the further provision of subparagraph 13 which awards additional compensation for enucleation, the actual loss of the bodily organ. More importantly, how-

ever, when we look to section 8(e) in its entirety, we believe that in its use of the term "eye" in subparagraph 13, the legislature necessarily intended to refer to the loss of "sight" therein. Indeed, the prefatory paragraph of section 8(e) categorically states that unless otherwise specified, the amounts of compensation in the schedule following thereafter shall apply to "either the loss of or the permanent and complete loss of use of the member specified * * *." Furthermore, there are no provisions in section 8(e), other than those in subparagraph 13, fixing specific compensation for the loss of sight of an eye, and the provisions of subparagraph 16, dealing, *inter alia,* with injuries causing the partial loss of the sight of an eye, clearly require reference to subparagraph 13 in order to determine the number of weeks of compensation to be paid for an injury causing partial loss of sight. That is to say, subparagraph 16 provides that compensation for a permanent partial loss of the sight of an eye shall be allowed for the number of weeks determined by the ratio which the partial loss bears to the number of weeks compensation allowable had there been a total loss of the sight of the eye. Under this statutory scheme, a person who sustains a compensable injury resulting in the loss of 50% of an eye would be entitled to 75 weeks compensation, or one half of that set forth in subparagraph 13. If the legislature had meant "eye" in the latter subparagraph to refer only to the loss of a bodily organ, as opposed to the loss of sight, an award under subparagraph 16 would be impossible to render. There would be no provision to which reference could be made to calculate the number of weeks of compensation to be allowed for the partial loss of the sight of an eye.

Claimant has called our attention to *Gentry v. Bano, Inc.,* 91 Idaho 790, 430 P.2d 681, wherein the Supreme Court of Idaho construed that State's workmen's compensation law as providing that an employee with a sightless

eye, who sustained an injury requiring enucleation, was entitled to the same compensation as he would have been allowed had the eye been fully capable of vision prior to the injury for which compensation is sought. Statutory differences, however, cause the decision to have no persuasion in this case. The issue there was whether the terms "blindness" and "enucleation" could be equated, and it was clear under the Idaho act that they could not be. As has been noted, the issue here arises from our legislature's use of the terms "loss of eye" and "loss of sight."

Claimant further contends, as was apparently held by the Commission, that an award may properly be made under section 8(c) for disfigurement where injury to a sightless eye results in enucleation, relying heavily on language to that effect in *Chicago Bridge and Iron Co. v. Industrial Com.,* 316 Ill. 622, 624. Under the present statute we must disagree. Unlike the act in effect when *Chicago Bridge* was decided (Cahill Stat. 1923, ch. 48, par. 208), section 8(e) as presently constituted provides that certain amounts of compensation shall be payable for accidental injuries causing enumerated specific losses, *including enucleation,* and expressly directs that the employee "shall not receive any compensation under any other provisions of this Act." In addition, section 8(c), relating to disfigurement, itself states that "No compensation shall be payable under this paragraph where compensation is payable under paragraphs (d), (e) or (f) of this Section", and, as heretofore discussed, the language of the statute causes section 8(e) to control in this case. See: *Chicago Home for the Friendless v. Industrial Com.,* 297 Ill. 286; *Smith-Lohr Coal Mining Co. v. Industrial Com.,* 291 Ill. 355; *Stubbs v. Industrial Board,* 280 Ill. 208.

Since the awards made to claimant for temporary total disability and necessary medical expenses are not questioned, the judgment of the circuit court of Cook County is affirmed to that extent. However, for the reasons stated, the judg-

ment is reversed insofar as it affirmed the award for disfigurement and the cause is remanded with directions that an order be entered awarding claimant 10 weeks compensation for the enucleation of his eye.

*Affirmed in part, and reversed in part and remanded, with directions.*